796 So.2d 1054 (2001)
Arthur GARY a/k/a Arthur L. Gary, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-KA-00851-COA.
Court of Appeals of Mississippi.
October 9, 2001.
*1055 Bill J. Barnett, Attorney for Appellant.
Office of the Attorney General by Deirdre McCrory, Jackson, Attorney for Appellee.
Before KING, P.J., LEE, and CHANDLER, JJ.
LEE, J., for the Court:
¶ 1. Arthur Gary was convicted in the Circuit Court of Lincoln County on two counts: (1) unlawful sale of cocaine and (2) unlawful possession of at least two grams but less than ten grams of cocaine with intent to distribute. Gary now appeals his convictions, and asserts the following issues: (1) whether the trial court committed reversible error regarding a potential discovery violation under Uniform Rules of Circuit and County Court Practice Rule 9.04, and (2) whether the trial court properly applied Mississippi Rules of Evidence Rules 401 and 403 regarding testimony and the admission of a handgun into evidence. Finding these issues without merit, we affirm the conviction and sentence of the lower court.

*1056 FACTS
¶ 2. This case evolved from Gary selling cocaine to a confidential informant. Later that same day, after the sale to the informant, a search warrant was issued for Gary's residence. In conducting the search, the officers first secured the home and discovered that neither Gary nor anyone else was inside the house; therefore, the officers proceeded to wait outside before conducting the actual search. Eventually, Gary approached the back of his house from a neighbor's yard and was detained and arrested by the officers. Subsequently, a search was performed on Gary's residence and automobile.
¶ 3. The search of the house disclosed numerous items containing what appeared to be cocaine. A search was also conducted of Gary whereupon the officers found a bag containing what appeared to be cocaine. The presence of cocaine was later confirmed by tests run by the Mississippi Crime Lab. The search of Gary's automobile also disclosed a handgun.
¶ 4. At trial, the State presented testimony regarding the handgun and had the handgun admitted into evidence. The use of the handgun by the State during the trial is the basis of Gary's appeal. However, to avoid repetition, we will leave further discussion of the testimony regarding the handgun and the actual admission of the handgun into evidence for our discussion of the issues.

DISCUSSION

I. WHETHER THE TRIAL COURT COMMITTED REVERSIBLE ERROR REGARDING A POTENTIAL DISCOVERY VIOLATION UNDER UNIFORM RULES OF CIRCUIT AND COUNTY COURT PRACTICE RULE 9.04.
¶ 5. Gary argues that the trial court erred by allowing the handgun into evidence since he had previously requested discovery, and the State failed to furnish any information regarding its intended use of the weapon at trial. Additionally, Gary contends that error was committed because he was not given the opportunity to examine the evidence and prepare an adequate motion to suppress. Gary contends he made an objection to the handgun on the basis of a Uniform Rules of Circuit and County Court Practice Rule 9.04 discovery violation during a bench conference. However, as conceded by Gary and supported by the record, there is no transcript regarding an objection on this basis. The only objection reflected in the record is based on relevancy. Gary's counsel tries to correct this oversight by submitting an affidavit that attests that an objection was made which advised the trial judge that its presence and intended use during trial by the State had not been revealed to Gary prior to trial. Several principles of law deny Gary relief.
¶ 6. First, to invoke the issue of a discovery violation before the trial judge, counsel for the defense must first raise the issue by making a contemporaneous objection on this basis. Box v. State, 437 So.2d 19, 23 (Miss.1983). If the objection is not raised contemporaneously, therefore, denying the trial court the opportunity to consider the issue and possible remedies, the issue is deemed waived. De La Beckwith v. State, 707 So.2d 547, 574 (Miss. 1997); Nathan v. State, 552 So.2d 99, 108 (Miss.1990). As mentioned above, nothing in the official record reveals that an objection, much less a contemporaneous objection, was made regarding a possible discovery violation. Second, when a party makes an objection on specific grounds it is considered a waiver regarding all other grounds. Burns v. State, 729 So.2d 203, 219 (¶ 67) (Miss.1998). Once again, while the record reveals that Gary did make an *1057 objection on the basis of relevancy, the record does not show that the trial judge was presented with or considered a potential discovery violation. Third, this Court may not review facts asserted by a party that do not appear in the record. Dillon v. State, 641 So.2d 1223, 1225 (Miss.1994). Finally, the case of Cotton v. State, presents circumstances similar to ours regarding objections made during an unrecorded bench conference. Cotton v. State, 675 So.2d 308, 314 (Miss.1996). Like Gary, counsel for Cotton presented an issue on appeal which he alleged he had presented for the trial court's review during an unrecorded bench conference. Id. The Mississippi Supreme Court stated: "Although the defense suggests that a proper objection was entered at this point, [i.e., at an unrecorded bench conference] it is incumbent upon the party complaining of an error to preserve the record for appeal. The burden was on Cotton to make a contemporaneous objection." Id. The Mississippi Supreme Court held the issue was procedurally barred. Id. For the preceding reasons, we find this issue is without merit.

II. WHETHER THE TRIAL COURT PROPERLY APPLIED MISSISSIPPI RULES OF EVIDENCE RULES 401 AND 403 REGARDING TESTIMONY AND THE ADMISSION OF A HANDGUN INTO EVIDENCE.
¶ 7. Gary argues that the trial court abused its discretion when it allowed testimony regarding a handgun, as well as the admission of the handgun into evidence. See Gulley v. State, 779 So.2d 1140, 1149 (¶ 31) (Miss.Ct.App.2001) (The determination of the admissibility of evidence is mostly within the discretion of the trial judge and a decision will not be reversed unless the trial judge abuses his discretion). Gary contends that the trial court abused its discretion because he was indicted for the sale of cocaine and possession with the intent to distribute cocaine and was not charged with any offense relating to a firearm; therefore, the gun produced at trial had no relation to the offense charged. A review of the record and case law shows there were sufficient facts for the trial court to determine that the weapon was relevant in the case at bar. The testimony supporting the relevancy of the handgun came from the confidential informant.
¶ 8. The informant testified that he approached the house and knocked on the door of Gary's residence. The informant explained the role the handgun played in the drug transaction that occurred between himself and Gary:
Okay. He [i.e., Gary] said "you want to die, n____." And then that's when I began to get hanky, because I seen a pistol, you know, side of his pants there, and he said "what you want," and I said "a sixty," and he said "sixty." I said "sixty." That means sixty dollars worth of crack cocaine.
¶ 9. In Hemphill v. State, the Mississippi Supreme Court had to decide whether a gun and scale admitted into evidence where the individual was convicted for possession of marijuana with intent to sell discovered during the search of the individual's residence were relevant. Hemphill v. State, 566 So.2d 207, 209 (Miss. 1990). The Mississippi Supreme Court considered the State's argument that the items were found in close proximity to the marijuana and were tools of the drug trade. Id. The supreme court stated: "In cases involving a narcotics charge, `probative weight' of `weapons,' `scales,' and other `tools of the trade' generally is not `overbalanced by [possible] inflammatory' consequence of admitting these items into evidence." Id.
*1058 ¶ 10. In comparing Hemphill with our case, we are aware that the record in the case at bar does not disclose that at the time the handgun was found it was in close proximity to any cocaine. However, the aforementioned testimony of the confidential informant presented a fact issue regarding the close proximity of the handgun during the actual drug transaction. When we consider this with the law pronounced in Hemphill regarding a weapon's admissibility in drug cases, we find that the trial judge was within his discretion in this case when he performed the Rule 403 balancing test and found that the gun was "a significant piece of corroborating evidence" and was admissible. Therefore, this issue is without merit.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF LINCOLN COUNTY OF CONVICTION OF COUNT I UNLAWFUL SALE OF COCAINE AND SENTENCE OF FORTY-FIVE YEARS; COUNT II UNLAWFUL POSSESSION OF AT LEAST TWO GRAMS BUT LESS THAT TEN GRAMS OF COCAINE WITH INTENT TO DISTRIBUTE AND SENTENCE OF SIXTEEN YEARS, WITH SENTENCES TO RUN CONCURRENTLY, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AND RESTITUTION OF $85 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, MYERS AND CHANDLER, JJ., CONCUR. IRVING, J., DISSENTS WITH A SEPARATE WRITTEN OPINION. BRANTLEY, J., NOT PARTICIPATING.
IRVING, J., dissenting:
¶ 12. I believe the majority errs in affirming the trial court's admission of the handgun into evidence. Accordingly, I dissent.
¶ 13. Gary was indicted as a repeat offender in a two-count indictment for sale of cocaine and possession of cocaine with intent to distribute in violation of Mississippi Code Annotated sections 41-29-139, 29-147 (Rev.2001). According to the State's case, Gary had a handgun in his possession at the time he committed the offenses alleged in the indictment.
¶ 14. Mississippi Code Annotated § 41-29-152 (Rev.2001) is entitled: "Enhancement of penalty for violations Uniform Controlled Substances Law while in possession of firearm; `firearm' defined." This section reads in pertinent part as follows:
Any person who violates Section ... XX-XX-XXX with reference to a controlled substance listed in Schedule I, II, III, IV, V ... and has in his possession any firearm, either at the time of the commission of the offense or at the time any arrest is made, may be punished by a fine up to twice that authorized by Section 41-29-139 or XX-XX-XXX, or by a term of imprisonment or confinement up to twice that authorized by Section 41-29-139 or XX-XX-XXX, or both.
¶ 15. Gary was not charged with violation of the quoted section. Therefore, he was not given notice that possession of the gun would be used against him. The State's offering of the hand gun as evidence was fundamentally unfair, especially when it chose not to indict him for selling and possessing cocaine while in possession of the hand gun. I am aware that the State's failure to indict Gary under section 41-29-152 worked to his advantage from a sentencing standpoint. Notwithstanding this fact, however, it seems to me if Gary was going to be tried essentially as if he *1059 had been indicted under section 41-29-152, he was certainly entitled to notice either by way of indictment or discovery prior to trial. Having said that, I am also aware, and agree with the majority, that the record does not show that Gary made a discovery violation objection to the admissibility of the hand gun.
¶ 16. The record shows the following colloquy between the prosecutor and Agent Locke when the State first attempted to get the gun admitted:
Q. Were any guns found?
A. Not inside the residence.
Q. Where if anywhere, were any guns found?
A. There was a handgun found in Mr. Gary's vehicle.
Q. What type of gun?
A. 380.
Q. Is that a small, large?
A. It's a small semi-automatic pistol.
Q. Do you have that with you?
A. I have it in my briefcase.
Q. Is that over here?
A. Yes, it is.
BY MS. JONES: Your Honor, may I
BY THE COURT: ___ Yes, ma'am.
(BRIEF PAUSE IN PROCEEDINGS.)
BY MR. BARNETT: Your Honor, we're going to object to the introduction of the gun on relevance.
BY THE COURT: How is this relevant, Ms. Jones?

BY MS. JONES: Mr. Pearley will tie it up in his testimony. I would just ask that it be marked for identification at this time.
BY THE COURT: I sustain as to relevance at this time. Let it be marked for ID as Exhibitis that 10 Gwen?
BY THE COURT REPORTER: Yes.
BY THE COURT: S-10 ID only.
(emphasis added).
¶ 17. The effort to "tie up" the relevance of the gun came during the testimony of Pearley, the confidential informant who actually bought the cocaine from Gary. This is the substance of that exchange:
Q. Now, what, if anything, what kind of conversation did you have with Mr. Gary?
A. I walked into the room where he was, he was sitting in a chair, he had a plate in his lap with a small amount of crack cocaine, sitting there cutting it up. When I walked in there he was sitting there cutting it up and he said you want to die, n____r, just like that, and what had happened to me the Sunday before that, I was getting kind of scared myself.
Q. Okay. What happened to you the Sunday before?
A. I got shot at.
Q. Not by Mr. Gary?
A. No, ma'am.
Q. Okay. What circumstance were you in that led you to get shot at?
A. Well, first of all, I seen a pistol
BY MR. BARNETT:Now, Your Honor, I
Q. ___You're referring back to the Sunday before
A. Yes, ma'am.
Q. What were you doing___
A. ___I
BY MR. BARNETT: ____Your Honor, I object to relevancy.

BY THE COURT: I sustain. One of you speak at the time. Proceed.
Q. All right. Continue with what conversation you had with Mr. Gary.

*1060 A. Okay. He said `you want to die, n____r.' And then that's when I began to get hanky, [sic] because I seen a pistol, you know, side of his pants there, and he said `what you want,' and I said `a sixty,' and he said `sixty.' I said `sixty.' That means sixty dollars worth of crack cocaine.
* * * *
BY MS. JONES: May I approach the witness, Your Honor.
BY THE COURT: Yes, ma'am. (OFF THE RECORD.)
BY MR. BARNETT: Your Honor, may we approach the bench?
BY THE COURT: Yes, sir.
(DISCUSSION AT BENCH OUT OF HEARING OF COURT REPORTER AND JURY.)
BY THE COURT: Overrule the objection at this time. I need to do a 4.03 balancing test.

BY MS. JONES: Thank you, Your Honor. Let me lay this down here.
Q. I would ask you, this is a weapon that's been marked for identification as State's Exhibit 10. Have you seen that gun before, to your knowledge?
A. Yes, ma'am.
Q. And where did you see it?
A. On that guy right there, on his side.
Q. When was that?
A. The day I went and bought sixty dollars of crack cocaine.
Q. Okay.
(emphasis added).
¶ 18. At a later point in the trial, the following exchange occurred between the prosecutor and Pearley:
Q. What, if anything, makes you able to identify Mr. Gary here today?
A. That gun.
Q. The gun?
A. Yes, ma'am.
Q. And what enables you to remember that incident today?
A. I got shot at the Sunday before then.
¶ 19. Ultimately, the trial judge admitted the handgun over Gary's objection on the basis that it was relevant and that the probative value was not outweighed by the prejudicial effect its admission would have on the jury. Here is what the trial judge said:
BY THE COURT: All right. The jury is out. Let me do the balancing test on the evidence regarding the gun. Under Rule 4.03 evidence must be relevant, and if it involves something that may be unduly prejudicial, the Court has to do a balancing test on the evidence. The gun is obviously prejudicial. It's not illegal, it's not another crime, it's another act that has some, to some extent would have some bad connotations. I find that the testimony as corroborated by the tape and as corroborated by the testimony here today, that the gun is a significant piece of corroborating evidence and that it should be allowed. Now, I assume that it will be tied in, the officer or somebodyit was not received into evidence, it was marked for ID, and I assume that it will be offered____
BY MS. JONES:It will be offered____
BY THE COURT: it will be offered into evidence once the chain is finally proven, so I find it is very probative, and the probative value outweighs the prejudicial nature of the evidence, and the objection to the firearm is overruled. Anything further that I have overlooked making a record on?
(emphasis added).
¶ 20. So far as I can tell from the record, no further testimony or discussion *1061 regarding the gun took place. Clearly, Gary's statement to Pearley regarding whether Pearley wanted to die was evidence of a bad act or another crime, but it cannot be legitimately argued that the gun was so inter-connected to the offenses charged (sale, and possession of cocaine with intent to distribute) so as to be part of the same transaction. Therefore, proper admission of the handgun must rest solely on whether it qualified for one of the exceptions set forth in Rule 404(b) of Mississippi Rules of Evidence. Under Rule 404(b), evidence of other crimes, wrongs, or acts may be admissible to show "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." M.R.E. 404(b).
¶ 21. I have searched long and hard to find in the record where the prosecution attempted to justify the admission of the handgun. I could find no such occurrence other than perhaps the prosecution's statement to the trial judge that the relevance would be shown through Pearley's testimony. I find that testimony unconvincing. My reading of Pearley's testimony indicates that, from Pearley's perspective, the relevance of the gun was that he had been shot at the previous Sunday. This testimony, in my judgment, had the effect of further prejudicing Gary's situation even though it was not Gary who had shot at Pearley the previous Sunday.
¶ 22. It may be that the prosecution, without saying so, thought the gun should be admitted because it tended to help establish, at least according to Pearley, Gary's identity. However, it is clear that Pearley's testimony regarding the gun did nothing to help identify Gary as the person from whom he purchased the contraband. The gun was removed from Gary's car and not from his person. Also, the seizure occurred several hours after the sale. Pearly never saw the entire gun on Gary's person, and even if he had, there was no proof that the specific gun sought to be admitted at trial was one and the same as the one observed by Pearley in Gary's pocket. Without such proof, it is difficult to discern how the gun evidence could fit under the identity exception or one of the other exceptions of Rule 404(b). It is not tenable to argue thatnotwithstanding the absence of a nexus between the gun evidence and one of the rule's exceptions the evidence was admissible anyway because, given Pearley's testimony, the jury was entitled to weigh the evidence and give it such weight as it deemed appropriate. That would be a valid argument in my judgment if we were dealing with relevant evidence other than Rule 404(b) evidence. If the probative value of 404(b) evidence is substantially outweighed by the danger of unfair prejudice, the evidence is still inadmissible notwithstanding its relevance. Jenkins v. State, 507 So.2d 89, 93 (Miss.1987).
¶ 23. Since the gun and testimony concerning it did not tend to provewith respect to the charged offensesmotive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, I believe its admission was erroneous. In fact, I can find no place in the record where any real issue was raised as to Gary's identity. Perhaps this is why the prosecution never argued any basis for the admissibility of the gun.
¶ 24. The majority correctly points out that our standard of review of a trial judge's admission of evidence is an abuse of discretion standard. I believe, however, the trial court abused its discretion in this case. Therefore, for the reasons presented, I would reverse and remand for a new trial.