¶ 1. Michael Russell Arnold was indicted in the Circuit Court of DeSoto County, Mississippi, for driving under the influence, DUI, third offense, in violation of Miss. Code Ann. § 63-11-30(2)(c) (Rev. 1996). Following a jury trial, Arnold was found guilty as charged. After proof was presented at the sentencing hearing of Arnold's two previous DUI convictions, he was sentenced to one year in the custody of the Mississippi Department of Corrections and two years of post-release supervision. Arnold was also ordered to pay a fine of $2,000 plus court costs.
 ¶ 2. Arnold now appeals the jury decision, citing the following errors for this Court's review:
 1. Whether the lower court erred in finding the appellant guilty of a third offense of DUI when evidence at trial did not show that the appellant had convictions for a first and second offense; and
 2. Whether the lower court erred when it allowed hearsay testimony into evidence at trial over the objection of the appellant.
 FACTS ¶ 3. On August 30, 1999, between 10:00 p.m. and 11:00 p.m., Officer Preston Connell received a radio dispatch that an informant had called in to the dispatcher to report seeing a driver of a truck on a public roadway driving erratically and who had nearly run the informant off the road. Officer Connell was asked to investigate the matter. He drove to the area where the driver was said to be located. Officer Connell testified that he observed the driver of the truck in question crossing the center line of the roadway, running off the edge of the road and onto the median and back, and generally driving in, what he determined to be, a dangerous and reckless manner. Officer Connell then turned on his lights and siren and proceeded to attempt to pull over the driver. Officer Connell testified that it was difficult getting the driver to pull over and come to a complete stop, but he eventually managed to do so.
 ¶ 4. Officer Connell then approached the vehicle. He testified that he detected a strong odor of alcohol emitting from the truck. He asked the driver, who was determined to be Arnold, to exit the vehicle. Officer Connell stated that Arnold had a difficult time walking when he got out of the truck and that Arnold's speech was slurred. Officer Connell testified that Arnold admitted to drinking a six-pack of beer around 8:00 that evening. Officer Connell then proceeded to administer field sobriety tests to Arnold to detect whether or not he was intoxicated. After giving Arnold a barrage of tests, Officer Connell determined that Arnold had failed the tests, according to his on-the-scene notes, and he then placed Arnold under arrest for DUI.
 ¶ 5. Upon their arrival at the police station, Officer Connell asked Arnold to take a breath test in order to ascertain his level of intoxication. Arnold did not refuse to take the test altogether, but he did not blow on the machine in such a way that the results could be accurately determined. As such, according to police policy, Officer Connell marked the test as "refused" because of his suspicion that Arnold was attempting to beat the test by not blowing into the machine properly. Arnold denies this and asserts that he did the best he could.
 ¶ 6. Arnold claims that he could not walk straight or perform some of the sobriety tests because he had previously broken both of his legs and still had surgical pins in his legs. Additionally, Arnold asserts *Page 756 
that his speech could have been slurred because he has "teeth problems." He claims that he had been to the dentist that morning around 8:30 or 9:00 and that his mouth could have still been numb from the local anesthetic he received there. Arnold also changed his story from what he told Officer Connell, contending that he did not drink a six-pack earlier in the evening that day, but rather only had two beers total. As well as all of these defenses to his behavior that night, Arnold maintains that his girlfriend, who was a passenger in the truck when he was pulled over, was trying to feed him while he was driving and that was the reason for his swerving. Arnold also stated that the smell of alcohol could have come from some old beer cans in the back of his truck that he was collecting to recycle.
 ¶ 7. The State asserts that there was no evidence of food wrappers or any type of food at all in the truck that night to prove that Arnold's girlfriend might have been feeding him. Moreover, the State contends that, when a full inventory of the truck was taken after Arnold's arrest, there were no old empty beer cans found anywhere inside the truck and none were listed on the inventory sheet to corroborate Arnold's story. Also, the State argues that Arnold's broken legs had long since healed at the time of this incident and that he would likely not still be walking in such an unbalanced fashion. Officer Connell, as well as the officer who was called for backup that night, both testified that Arnold was not walking with a limp, as someone with a broken or hurt leg might do, but rather, they determined that Arnold was swaying, using his truck to balance himself, as an inebriated person would do. Furthermore, the State contends that Arnold would not have still been suffering from a numb mouth due to local anesthetics from his dentist over twelve hours after he received treatment.
 ¶ 8. After hearing the testimony of all witnesses, including that of Officer Connell and Arnold himself, the jury found that Arnold was guilty of driving under the influence/third offense. Thereafter, Arnold was sentenced to one year in prison and a $2,000 fine, plus court costs.
 STANDARD OF REVIEW ¶ 9. "The relevancy and admissibility of evidence are largely within the discretion of the trial court and reversal may be had only where that discretion has been abused." Weaver v. State, 713 So.2d 860,865 (Miss. 1997). See also Floyd v. City of Crystal Springs, 749 So.2d 110,113 (¶ 12) (Miss. 1999). Where trial court error lies in the admission or omission of evidence, this Court will not reverse the trial court's rulings "unless the error adversely affects a substantial right of a party." Id. at 113 (¶ 12).
 LEGAL ANALYSIS 1. Whether the lower court erred in finding the appellant guilty of a third offense of DUI when evidence at trial did not show that the appellant had convictions for a first and second offense.
 ¶ 10. We reject the State's allegation that a procedural bar exists because this issue was not brought before, and ruled on by the trial court in this case. The record clearly shows that the lower court heard Arnold's complaints as to this issue both in his challenge to the indictment before trial and in his post-trial motion for JNOV, or in the alternative, a new trial. Because the trial court heard arguments on these motions and denied the same, this Court is perfectly capable of reviewing those rulings. Therefore, we will address the issues as presented in Arnold's brief. *Page 757 
 ¶ 11. Our statute on DUI/third offense reads as follows:
 For any third or subsequent conviction of any person violating subsection (1) of this section, the offenses being committed within a period of five (5) years, such person shall be guilty of a felony and fined not less than Two Thousand Dollars ($2,000.00) nor more than Five Thousand Dollars ($5,000.00) and shall be imprisoned not less than one (1) year nor more than five (5) years in the State Penitentiary.
Miss. Code Ann. § 63-11-30(2)(c) (Rev. 1996) (emphasis added). We read the statute to say that any third conviction of the crime of driving under the influence under Miss. Code Ann. § 63-11-30(1) (Rev. 1996), may be sentenced as a felony charge. There is nothing in the statute that we interpret to mandate that the convictions be labeled, literally, as a "first offense," followed by a "second offense," followed by a "third offense." Because the statutory language provides that there must be three convictions within five years, without any further stipulations, we hold that Arnold was subject to be sentenced under this section governing third offense DUIs, despite his arguments otherwise. Miss. Code Ann. § 63-11-30(2)(c) (Rev. 1996).
 ¶ 12. Moreover, in McIlwain v. State, the court ruled that "[i]t is only necessary that the defendant have been convicted of [the] previous offenses . . . it is irrelevant whether McIlwain had been charged with a D.U.I. First and a D.U.I. Second." McIlwain v. State, 700 So.2d 586,589 (Miss. 1997). The indictment must only supply "enough information to the defendant to identify with certainty the prior convictions relied upon by the State for enhanced punishment." Id. In McIlwain, as with the case at bar, it was clear from the indictment that the defendant had been convicted of two prior charges of DUI. Id.
 ¶ 13. Both prior crimes are to be charged under Miss. Code Ann. § 63-11-30(1) (Rev. 1996). See Drennan v. State, 695 So.2d 581, 584
(Miss. 1997). Both of Arnold's prior convictions fulfilled that requirement. The indictment goes with the jury into their deliberations, along with all of the evidence presented at trial. Additionally, the first conviction is to be punished according to Miss. Code Ann. § 63-11-30(2)(a) (Rev. 1996), and the second conviction is to be punished according to Miss. Code Ann. § 63-11-30(2)(b) (Rev. 1996). Although there is minimal information in the record as to Arnold's two prior DUI convictions, there is nothing in the record to suggest that any statutory mandates were not followed in this case. We can find no authority that would indicate that simply because Arnold's prior convictions may not have been labeled as "first offense" and subsequently, "second offense," we should rule that his third conviction should not be punished as a felony under Miss. Code Ann. § 63-11-30(2)(c) (Rev. 1996).
 ¶ 14. Further discussion needs to be made concerning Arnold's two prior convictions. Mississippi case law provides specific instructions detailing that "[t]he State has to prove the prior charges and convictions of the defendant in order to meet its burden and obtain a conviction for a felony DUI." Weaver v. State, 713 So.2d 860, 865 (Miss. 1997). See also Nicholson v. State, 761 So.2d 924 (¶ 16) (Miss.Ct.App. 2000). It is necessary that a jury be shown proof of two prior convictions of DUI before it could rightfully convict the defendant with a third violation, thereby subjecting him to an enhanced sentence.Weaver, 713 So.2d at 865; Nicholson, 761 So.2d at (¶ 16). *Page 758 
 ¶ 15. To prevent undue prejudice from arising, many circuit courts have standing rules for DUI cases in which the prior convictions are accepted prior to trial, and for purposes of the statute admitted. However, the jury does not hear the details of the prior convictions, thus conforming to the rules of evidence. Arnold's prior convictions were treated in this way by the court, and it is disingenuous of Arnold to take advantage of the court's scrupulous efforts to avoid prejudice against him. It is for this reason we must affirm.
 2. Whether the lower court erred when it allowed hearsay testimony into evidence at trial over the objection of the appellant.
 ¶ 16. The testimony at issue here is that of Officer Connell regarding the information he received from the radio dispatcher telling him of the complaint called in by an anonymous caller about Arnold's erratic driving. Arnold claims that this is rank double hearsay and should never have been admitted. We find that this testimony was admitted without error and that this issue contains no merit.
 ¶ 17. The law provides that "if the significance of a statement is simply that it was made and there is no issue about the truth of the matter asserted, then the statement is not hearsay." Mickel v. State,602 So.2d 1160, 1162 (Miss. 1992) (citing Cooper v. State Farm Fire andCas. Co., 568 So.2d 687, 701 (Miss. 1990)). In Swindle v. State, which involved an agent testifying that an unidentified informant told him of the defendant's whereabouts on the day the defendant was arrested, the court found that such information was not hearsay and that "the agent could give an explanation as to his presence at the scene." Swindle v.State, 502 So.2d 652, 657 (Miss. 1987). "[A]n informant's tip is admissible to the extent required to show why an officer acted as he did and was at a particular place at a particular time." Id. at 657-68. Further, "[i]t is elemental that a police officer may show that he has received a complaint, and what he did about the complaint without going into the details of it." Id. at 658.
 ¶ 18. Also, in a recent case involving the same facts as our instant case, where police officers were testifying as to information they received from a dispatcher which originated from an anonymous witness to the crime, this Court ruled that the testimony of the officers was permissible as long as it only went to show that the officers responded to the complaint and how they came to be present at the scene at that particular time. Parker v. State, 724 So.2d 482 (¶ 7) (Miss.Ct.App. 1998).
 ¶ 19. In the case at bar, the trial judge instructed the jury that:
 [t]he call that came in can only be considered to show you why they were out there. It's not proof of anything about whether [Arnold] is or isn't driving under the influence. Does everybody understand that? Does anybody have any problems with that?
The jurors responded to those questions in the negative indicating that they understood the purpose of the testimony. We agree with the ruling of the trial judge and find that the statements made by Officer Connell, regarding the information he received from the dispatcher, were not offered by the State to prove the truth of the matter asserted. In other words, the State was only looking to show why Officer Connell was in the area at the time that he observed Arnold's erratic driving and pulled him over, ultimately arresting him for DUI.
 ¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY *Page 759 OF CONVICTION OF DUI, THIRD OFFENSE, AND SENTENCE OF ONE YEAR IN THECUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND TWO YEARS OFPOST-RELEASE SUPERVISION AND FINE OF $2,000 IS AFFIRMED. ALL COSTS OFTHIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P. JJ., THOMAS, LEE, IRVING,MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.