841 So.2d 1185 (2003)
Jerry Allen TAYLOR, Appellant
v.
STATE of Mississippi, Appellee.
No. 2001-KA-01736-COA.
Court of Appeals of Mississippi.
April 8, 2003.
Barney Glenn Folse, Jackson, for appellant.
*1186 Office of the Attorney General by John R. Henry, for appellee.
Before KING, P.J., THOMAS and CHANDLER, JJ.
KING, P.J., FOR THE COURT:
¶ 1. Jerry Allen Taylor was found guilty by the Circuit Court of Scott County, Mississippi of the possession of more than two grams but less than ten grams of methamphetamine. He was sentenced to a term of sixteen years in the custody of the Mississippi Department of Corrections, with two years suspended, leaving fourteen years to serve, and placed on probation for two years, and ordered to pay a fine and costs. Aggrieved by his conviction, Taylor has appealed and raised the following issues:
I. Whether the trial court erred by granting the State's jury instruction S-3, on constructive possession.
II. Whether the verdict was against the overwhelming weight of the evidence.

FACTS
¶ 2. On September 6, 2000, Officer Patrick Ervin of the Scott County Sheriff's Department along with Officers Jeff Crevitt, Kim Dearman and Gerald Greer, conducted a surveillance of the Durham Chicken Farm on Old Jackson Road in Scott County and a trailer house (which was occupied by David and Sandra Delk) located on the property. The surveillance, which lasted eight days, was conducted due to the number of narcotics arrests in the area. In conducting the surveillance, the officers positioned themselves in a field and used night vision devices to note license plate numbers on the cars entering and leaving the place.
¶ 3. One night during the surveillance, the officers saw four men walking toward the chicken houses. Officer Ervin recognized one of the men as Jerry Taylor. Taylor was dressed in a B.C. Rogers company uniform shirt bearing his first name. As the officers continued to observe the movements of these individuals (Taylor, his son, Taylor's brother, Donald, and David Delk), the officers detected the smell of ether coming from a ventilation duct of one of the chicken houses and therefore suspected that a "cook" was taking place. After determining which chicken house the odor was emanating from, Officer Greer left to obtain a search warrant.
¶ 4. Upon Officer Greer's return, the other officers proceeded to secure the area for the search. Officers Ervin and Dearman detained Taylor's son and David Delk who were located in one of the chicken houses. Officers Greer and Crevitt entered the trailer and searched it. Officer Crevitt found Taylor in the bathroom taking a shower, and requested that he get out of the shower. At this time, Officer Greer found a weapon beneath the headboard of a bed adjacent to the bathroom. Taylor put on his pants and sat on the bed in the room adjacent to the bathroom. Taylor asked Officer Greer for his shirt, which was lying on the bathroom sink. Greer retrieved the shirt which had Taylor's first name and the company (B.C. Rogers) for which he worked. He searched the pocket, and found two bags of a substance believed to contain methamphetamine. Brandi Goodman of the Mississippi Crime Lab tested this substance and determined that it contained methamphetamine with a total weight of 6.37 grams.
¶ 5. At trial, Taylor testified that he recognized the shirt which had the inscription "B.C. Rogers, Maintenance, Jerry," but denied any knowledge of the bags of substance. He also denied going to the trailer during the surveillance period. He *1187 did acknowledge that he went to the trailer at 3:00 a.m. to discuss a personal matter with his sister-in-law concerning his niece, after which he decided to take a shower. He indicated that he had many items of clothing at his sister-in-law's trailer and that it may have been his son, who had the same build and appearance, who wore his shirt earlier that evening. Taylor specifically denied being aware of narcotics on the premises.
¶ 6. At trial on October 16, 2001, Taylor was found guilty of possession of methamphetamine, a Schedule I controlled substance. Taylor then filed a motion for judgment notwithstanding the verdict, which was denied. His motion for bail pending an appeal was denied as well.

ISSUES AND ANALYSIS

I.
Whether the trial court erred by granting the State's jury instruction S-3 on constructive possession.
¶ 7. Taylor contends that the trial court erred by granting the State's constructive possession jury instruction S-3. He claims the instruction contains a "misstatement of what constitutes constructive possession and has no basis in binding case law."
Jury instruction S-3 stated:
The Court instructs the jury that if you believe from the evidence in this case beyond a reasonable doubt that at the time and place charged in the indictment and testified about that the defendant, Jerry Allen Taylor, although not having the substance for which he is charged in his physical possession, did however have knowledge of such substance and did have dominion and conscious control of such substance, then, and in that event, the defendant is guilty of actual possession of such substance and it is your duty to find said defendant guilty as charged.
¶ 8. Taylor objected to the S-3 instruction. However, the trial court approved the giving of S-3, as noted by the following colloquy:
THE COURT: So, what is theso I will call it then for the State's S-3. What does the defendant say to S-3, which is an instruction on constructive possession?
MR. FOLSE (for the defendant): For the record, we object.
THE COURT: All right. Any response on that?
MR. THAMES: I think it's a good instruction, Judge.
THE COURT: Well, the Court feels that the evidence very clearly shows the proof of constructive possession.
MR. FOLSE: Yes, sir.
THE COURT: I think that is before the jury so I am going to give it. Okay. Any instructions from the defendant?
Constructive possession has been explained as follows:
[T]here must be sufficient facts to warrant a finding that defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it. It need not be actual physical possession. Constructive possession may be shown by establishing that the drug involved was subject due to his dominion or control. Proximity is usually an essential element, but by itself is not adequate in the absence of other incriminating circumstances.
The theory was further defined in Hamburg v. State, 248 So.2d 430, 432 (Miss.1971), that "one who is the owner in possession of the premises ... is presumed to be in constructive possession *1188 of the articles found in or on the property possessed." This presumption is rebuttable, however, and does not relieve the State of its burden to prove guilt beyond a reasonable doubt. Id. Thus, "[w]here the premises upon which contraband is found is not in the exclusive possession of the accused, the accused is entitled to acquittal, absent some competent evidence connecting him with the contraband." Powell v. State, 355 So.2d 1378, 1379 (Miss.1978). See also Keys v. State, 478 So.2d 266, 268 (Miss.1985).
Guerrero v. State, 746 So.2d 940 (¶¶ 17-18) (Miss.Ct.App.1999).
¶ 9. In evaluating jury instructions, this Court must review in the following manner:
In determining whether error lies in the granting or refusal of various instructions, the instructions actually given must be read as a whole. When so read, if the instructions fairly announce the law of the case and create no injustice, no reversible error will be found.
Fultz v. State, 822 So.2d 994(¶ 11) (Miss. Ct.App.2002) (citation omitted).
¶ 10. In reviewing the instructions as a whole, we find that the S-3 instruction was an adequate representation of the law and find no error in the trial court's decision.

II.
Whether the verdict was against the overwhelming weight of the evidence.
¶ 11. Taylor contends that the verdict was against the overwhelming weight of the evidence. He also claims that the evidence presented was insufficient to allow a guilty verdict. Taylor maintains that the trial court should have granted his motion for a directed verdict.
¶ 12. This Court's standard for reviewing challenges to convictions based on the weight of the evidence is well established. The trial judge is given wide discretion to order a new trial in the face of overwhelming evidence contrary to the jury's verdict in order to prevent an unconscionable injustice. McClain v. State, 625 So.2d 774, 781 (Miss.1993).
¶ 13. As to each element of the offense, we consider all of the evidence in the light most favorable to the verdict. Frazier v. State, 770 So.2d 986(¶ 6) (Miss.Ct.App. 2000). We reverse when, with respect to an element of the offense charged, the evidence is such that reasonable and fair-minded jurors could only find the accused not guilty. Id.
¶ 14. In support of his contention that the verdict is against the overwhelming weight of the evidence, Taylor asserts that there were contradictions as to the location of the shirt when it was recovered by the police officers. He claims that Officer Ervin stated that "the shirt was recovered from a bedroom," and that he later stated that "the shirt was found on top of a bathroom cabinet." However, Officer Greer, who retrieved the shirt, indicated that the shirt was initially in the bathroom and that he placed the shirt on the bed in the bedroom to photograph it along with the substance found in the pocket of the shirt.
¶ 15. Taylor also claims there was confusion concerning the quantity of the substance found. Officer Ervin indicated that 7.2 grams was found in the shirt. The offense report listed the total package weight as 31.3 grams. Brandi Goodman of the Mississippi Crime Lab stated that the substance inside the bags weighed 6.37 grams.
¶ 16. Taylor argued that the State did not show that he had knowledge of any illegal substance on the premises. Taylor also asserts that the State failed to prove that the shirt which contained the substance *1189 had been worn by him. When questioned by the State, Taylor denied having any knowledge of narcotics on the premises. Officer Crevitt testified that during surveillance of the area he had seen Taylor wearing the same shirt in which the drugs were found.
¶ 17. The State put forward evidence from which the jury could find Taylor in constructive possession of drugs. For his part, Taylor denies both knowledge and possession of the drugs. Clearly there exists a factual dispute between the evidence presented by the State and Taylor. As to matters upon which the evidence was in conflict, the court should assume that the jury resolved the conflict in a manner consistent with the verdict. Craig v. State, 777 So.2d 677(¶ 10) (Miss.Ct.App.2000).
¶ 18. Accordingly, we find that the jury's verdict was not inconsistent with the evidence presented and affirm the trial court's decision.
¶ 19. THE JUDGMENT OF THE SCOTT COUNTY CIRCUIT COURT OF CONVICTION OF POSSESSION OF MORE THAN TWO GRAMS BUT LESS THAN TEN GRAMS OF METHAMPHETAMINE AND SENTENCE OF SIXTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH TWO YEARS SUSPENDED ON PROBATION AND A FINE OF $20,000 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANT.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.