993 So.2d 862 (2008)
Rotundo JENKINS, Appellant
v.
STATE of Mississippi, Appellee.
No. 2007-KA-00814-COA.
Court of Appeals of Mississippi.
October 28, 2008.
*863 Eric John Hessler, attorney for appellant.
Office of the Attorney General by Stephanie Breland Wood, attorney for appellee.
BEFORE KING, C.J., IRVING AND CHANDLER, JJ.
KING, C.J., for the Court.
¶ 1. Rotundo Jenkins was convicted of possession of 4.27 grams of cocaine. The Lauderdale County Circuit Court sentenced Jenkins to serve five years in the custody of the Mississippi Department of Corrections (MDOC), with two years suspended and four years of reporting probation, and ordered Jenkins to pay a $1,000 fine and crime lab fees in the amount of $300. Jenkins filed a motion for a new trial or, in the alternative, a judgment notwithstanding the verdict (JNOV), which the trial court denied. Aggrieved, Jenkins appeals, raising two issues:
I. Whether the trial court erred by denying Jenkins's motion in limine and overruling objections to Officer Kevin Boyd's testimony regarding information he obtained from an unknown, unidentified source.
II. Whether the trial court erred by giving jury instructions S-2 and S-3, which included the weight of the cocaine.
Finding no error, we affirm.

FACTS AND PROCEDURAL HISTORY
¶ 2. On the afternoon of August 18, 2006, Officer Kevin Boyd and Officer O.L. Sanders of the Meridian Police Department were dispatched to an area to look for a white female soliciting herself for drugs. The officers did not find the white female. However, Officer Boyd testified that a white male in a black SUV informed him that he witnessed a black male, who was riding a mini-bike, give crack cocaine to a white female. Upon receiving this information, Officer Boyd headed to the location of the incident, and Officer Sanders followed him.
¶ 3. After arriving in the area, the officers saw a black male on a mini-bike. The man looked directly at the officers, and the officers saw a clear plastic bag containing a white substance hanging from his mouth. At this point, Officer Boyd testified that he activated his blue lights and siren to initiate a traffic stop because the driver did not have his helmet on properly, there was no tag on the mini-bike, and the mini-bike did not have any turn signals. The man sped away upon seeing the officers, and the officers pursued him. During the pursuit, the man signaled as if he were pulling over. Instead of pulling over, the man cut across a lawn, drove beside a parked vehicle, and threw something underneath the car. In his attempt to get away, the man fell off of the mini-bike. The officers apprehended the suspect and retrieved a bag from underneath the car's front tire. After arresting the man, the officers were able to identify the suspect as Jenkins. Tests revealed that the bag contained 4.27 grams of cocaine.
*864 ¶ 4. Jenkins was indicted for possession of 4.27 grams of cocaine. On March 21, 2007, Jenkins was convicted and sentenced to serve five years in the custody of the MDOC, with two years suspended and four years of reporting probation. Jenkins was also ordered to pay a $1,000 fine and a $300 crime lab fee. Jenkins filed a motion for a new trial or, in the alternative, a motion for a JNOV, and the trial court denied the motion. Feeling aggrieved, Jenkins timely filed this appeal.

ANALYSIS

I. Whether the trial court erred by denying Jenkins's motion in limine and overruling objections to Officer Boyd's testimony regarding information he obtained from an unknown, unidentified source.
¶ 5. Jenkins argues that the trial court erred by denying his motion in limine and overruling his objections to Officer Boyd's testimony because the testimony was clearly hearsay, irrelevant, unreliable, and more prejudicial than probative. The State argues that the officer's testimony was admissible to show why the officers proceeded to the area where they found Jenkins.
¶ 6. Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." M.R.E. 801(c). Hearsay statements are not admissible except as provided by Mississippi Rule of Evidence 802. However, "[t]o the extent necessary to show why an officer acted as he did, an informant's tip is admissible." Hill v. State, 865 So.2d 371, 380(¶ 36) (Miss.Ct.App.2003) (citing Swindle v. State, 502 So.2d 652, 657-58 (Miss. 1987)). The admissibility of evidence is largely within the trial court's discretion, and this Court will not disturb the trial court's ruling absent a finding that the trial court abused its discretion. Gary v. State, 796 So.2d 1054, 1057(¶ 7) (Miss.Ct. App.2001) (citing Gulley v. State, 779 So.2d 1140, 1149(¶ 31) (Miss.Ct.App.2001)).
¶ 7. During the trial, Officer Boyd testified that a white male in an SUV informed him that he witnessed a black male on a mini-bike give crack cocaine to a white female. Jenkins filed a motion in limine before trial to prohibit this testimony on the ground that it was hearsay, and the statement suggested that Jenkins was selling cocaine. The trial court overruled the motion, stating that the statement did not implicate anybody and that it was an explanation as to why the officers were in the area. During trial, Jenkins objected to Officer Boyd's testimony on this point, and the trial court overruled the objection. Based on a review of the record, we find that Officer Boyd's statement was admissible to show why the officers noticed Jenkins and acted the way that they did. Hill and Arnold v. State, 809 So.2d 753 (Miss. Ct.App.2002) are analogous cases and, therefore, guide this discussion.
¶ 8. In Hill, law enforcement received anonymous tips from community residents that the defendant was involved in illegal drug activity in the neighborhood. Hill, 865 So.2d at 375(¶ 3). Tipsters informed law enforcement that the defendant would park his red Nissan Sentra on the side of the road and sell drugs from his vehicle. Id. at 376(¶ 4). One day, an officer noticed the red Nissan Sentra on the side of the road and pulled the defendant over. Id. at (¶ 5). The officer found cocaine in the defendant's possession and arrested him. Id. at (¶ 6). After being released on bond, the defendant sold drugs to a confidential informant and was arrested for the sale of a controlled substance. Id. at (¶ 7). The defendant was convicted for both the sale *865 of a controlled substance and possession of cocaine. Id. at (¶ 8). On appeal, the defendant argued that he was prejudiced by the hearsay testimony obtained from law enforcement regarding the anonymous tips. Id. at 380(¶ 33). This Court found that the testimony was admissible and stated the following:
The evidence used to accuse Hill was not the various statements of anonymous tipsters but the evidence acquired by [the officer] which resulted in Hill's arrest. [The officer], for all practical purposes of this issue, was the accuser and [the officer] was confronted and cross-examined by Hill at trial.
Id. at (¶ 37). The Court held that the testimony was not hearsay because it was not offered to prove the truth of the matter asserted, but the statement simply explained why law enforcement approached the defendant. Id. at (¶ 36).
¶ 9. Similarly, in Arnold, an informant called police and reported that the defendant was driving a truck in an erratic manner and almost ran the informant off the road. Arnold, 809 So.2d at 755(¶ 3). An officer proceeded to the area and observed the defendant's reckless driving and initiated a traffic stop. Id. As a result of failing the field sobriety tests, the defendant was arrested for driving under the influence. Id. at (¶ 4). On appeal, the defendant argued that the lower court erred when it allowed the officer to testify in regard to the informant's statement because it was inadmissible hearsay. Id. at 758(¶ 16). This Court found that the officer's testimony was admissible because it was offered to show why the officer responded to the complaint and why the officer was present at the scene at that particular time, not to prove the truth of the matter asserted. Id. at (¶ 19). Additionally, the Court found that the statement was properly admitted because the trial judge instructed the jury that the statement could not be considered as proof that the defendant was driving under the influence. Id.
¶ 10. In the instant case, Officer Boyd testified that the informant told him that he witnessed a black male on a mini-bike give crack cocaine to a white female. Like Hill and Arnold, Officer Boyd's statement was not offered to prove the truth of the matter asserted to implicate Jenkins in a drug sale. In fact, Jenkins was not charged with the sale of cocaine. Instead, Officer Boyd's statement simply explained why he and Officer Sanders proceeded to the area where they found Jenkins and why they noticed Jenkins on the mini-bike. As in Hill, Jenkins was not arrested, indicted, or convicted based upon the statement made by the anonymous tipster. Instead, Jenkins was convicted based upon the evidence Officer Boyd and Officer Sanders acquired during their pursuit of him, and Jenkins had the opportunity to cross-examine both officers during the trial. Thus, we find that the trial court did not err by denying Jenkins's motion in limine and objections to testimony regarding information obtained from the unidentified tipster. This issue is without merit.

II. Whether the trial court erred by giving jury instructions S-2 and S-3, which included the weight of the cocaine.
¶ 11. In reviewing the grant or denial of jury instructions, the jury instructions actually given must be read as a whole. Taylor v. State, 841 So.2d 1185, 1188(9) (Miss.Ct.App.2003) (citing Fultz v. State, 822 So.2d 994, 997(11) (Miss.Ct.App. 2002)). If the instructions fairly announce the law of the case and create no injustice, no reversible error will be found. Id.
¶ 12. Jenkins argues that the trial court erred by giving jury instructions S-2 and S-3, which included the weight of the *866 cocaine, because the weight of the cocaine was irrelevant and prejudiced him with the jury. Jury instruction S-2 instructed the jury to find the defendant guilty of possession of cocaine if the jury found beyond a reasonable doubt that Jenkins willfully, unlawfully, and knowingly possessed 4.27 grams of cocaine and to find Jenkins not guilty if the State failed to prove their case. Jury instruction S-3 instructed the jury how to return the verdict: "We, the jury, find the Defendant guilty of Possession of Cocaine (4.27g)"; or "We, the jury, find the Defendant not guilty."
¶ 13. Jenkins failed to cite to any authority to support his claim that inclusion of the weight of the cocaine in the jury instructions was error. "[F]ailure to cite any authority may be treated as a procedural bar, and we are under no obligation to consider the assignment [of error]." Turner v. State, 721 So.2d 642, 648(¶ 20) (Miss.1998) (citations omitted). Despite this procedural bar, we will address the merits of Jenkins's argument.
¶ 14. Jenkins was indicted for and convicted of possession of 4.27 grams of cocaine in violation of Mississippi Code Annotated section 41-29-139(c) (Rev.2005), which states in pertinent part that:
It is unlawful for any person knowingly or intentionally to possess any controlled substance unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of his professional practice, or except as otherwise authorized by this article....
The statute also provides a sentencing scheme based upon the amount of the controlled substance found in the defendant's possession. See Miss.Code Ann. § 41-29-139(c)(1). When granting the two jury instructions, the trial judge noted that the weight of the cocaine was not required in the jury instructions. However, the trial judge noted that including the weight of the cocaine in the instructions did not prejudice Jenkins because the weight of the cocaine had already been presented to the jury through the indictment and through testimony by the police officers and the Mississippi Crime Laboratory personnel.
¶ 15. This Court has found that section 41-29-139 does not specify a minimum amount of cocaine in order to constitute a crime. Carroll v. State, 755 So.2d 483, 485(5) (Miss.Ct.App.1999) (finding that cocaine residue found on syringes provided a sufficient basis for the conviction of possession of cocaine) (citing Hampton v. State, 498 So.2d 384, 386 (Miss.1986)). We have found no authority indicating that the inclusion of the weight of cocaine in a jury instruction constitutes error, and Jenkins has not presented any evidence that the jury was prejudiced by the inclusion. In reviewing the instructions as a whole, we find that the instructions were an adequate representation of the law and find no error in the trial court's decision to allow the jury instructions. Therefore, we find that Jenkins's argument is without merit.

CONCLUSION
¶ 16. We find that the trial court did not err by denying Jenkins's motion in limine and objections to exclude testimony regarding the unidentified tipster's statement to Officer Boyd because the statement was admissible to show why Officer Boyd and Officer Sanders proceeded to the area where they found Jenkins and why the officers noticed Jenkins on the minibike. Additionally, we find that Jenkins's argument that the trial court erred by including the weight of the cocaine in the jury instructions is without merit. For these reasons, we affirm the judgment of the trial court.
*867 ¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY OF CONVICTION OF POSSESSION OF COCAINE AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH TWO YEARS SUSPENDED AND FOUR YEARS OF REPORTING PROBATION, AND TO PAY A FINE OF $1,000 AND A CRIME LAB FEE IN THE AMOUNT OF $300, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.