LEE, C.J.,
for the Court:
FACTS AND PROCEDURAL HISTORY
¶ 1. On April 28, 2008, William Howard pleaded guilty in the Oktibbeha County Circuit Court to felony driving under the influence (DUI), third offense. At the time of his third offense, Howard was twenty years old. Howard was sentenced to five years in the custody of the Mississippi Department of Corrections, with the first year to be served on house arrest followed by supervised probation for four years upon successful completion of house arrest. Howard was also ordered to pay a $2,000 fine. At the time of filing his motion for post-conviction relief, Howard had successfully completed his year of house arrest.
¶2. Howard’s first DUI conviction occurred on July 21, 2004, in Holmes County, Mississippi. He was seventeen years old at the time. Howard pleaded guilty, and he was ordered to pay a $178.50 assessment. His fine was suspended. Howard’s blood-alcohol concentration (BAC) at the time of arrest was .143%. Howard’s second DUI conviction, also via guilty plea, occurred on September 26, 2006, in Holmes County. Howard was nineteen years old at the time. The record reflects Howard’s BAC was .023% at the time of arrest. Howard was sentenced to serve five days in the Holmes County jail and perform ten days of community service. Howard was also ordered to pay a $801 fíne and a $236.50 assessment.
¶ 3. Howard filed a motion for post-conviction relief asserting, among other things, that his conviction and sentence for felony DUI, third offense, violated Mississippi Code Annotated section 63-11-30 (Supp.2011). The trial court dismissed Howard’s motion for post-conviction relief. Howard now appeals.
STANDARD OF REVIEW
¶ 4. A trial court’s dismissal of a motion for post-conviction relief will not be reversed absent a finding that the trial court’s decision was clearly erroneous. Evans v. State, 75 So.3d 1119, 1120 (¶ 4) (Miss.Ct.App.2011). However, when issues of law are raised, the proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999).
DISCUSSION
¶ 5. In his only issue on appeal, Howard contends his conviction and sentence for the felony DUI, third offense, violated section 63-11-30. Specifically, Howard argues his second DUI conviction should not have been used as a prior conviction for his felony DUI because the second conviction fell under section 63-11-30(3)(a), which is the Zero Tolerance for Minors section of DUI sentencing provisions.
¶ 6. Section 63-ll-30(3)(a) “shall apply” when section 63-11-30(1) is violated by a person who is under twenty-one years of age and has a BAC of less than .08% but greater than .02% or more. At the time of his second DUI conviction, Howard was under twenty-one years old and his BAC was .023%. It appears Howard should have been sentenced under the Zero Tolerance *375 for Minors subsection. However, there is nothing in the statute to indicate that a conviction under the Zero Tolerance for Minors subsection cannot be used as a sentence enhancement for subsequent DUI convictions, regardless of whether the subsequent convictions fall under the Zero Tolerance subsection. In fact section 63-11-30(8) states the following:
For the purposes of determining how to impose the sentence for a second, third or subsequent conviction under this section, the indictment shall not be required to enumerate previous convictions. It shall only be necessary that the indictment state the number of times that the defendant has been convicted and sentenced within the past five (5) years under this section to determine if an enhanced penalty shall be imposed. The amount of fine and imprisonment imposed in previous convictions shall not be considered in calculating offenses to determine a second, third or subsequent offense of this section.
¶ 7. The trial court found Howard’s issues to be without merit and dismissed the motion for post-conviction relief. The trial court relied upon Arnold v. State, 809 So.2d 753, 757 (¶ 11) (Miss.Ct.App.2002), which states that “any third conviction of the crime of driving under the influence under ... [section] 63-11-30(1), may be sentenced as a felony charge.” Although Arnold did not involve the Zero Tolerance subsection, this Court stated a defendant merely has to be convicted of DUI three times within five years, without any further stipulations. Id. We find Howard’s arguments to be without merit, and we affirm the trial court’s decision to dismiss Howard’s motion for post-conviction relief.
¶ 8. THE JUDGMENT OF THE OK-TIBBEHA COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, RUSSELL AND FAIR, JJ„ CONCUR.