848 So.2d 190 (2003)
Mel Lindsey ATWELL, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-CP-01572-COA.
Court of Appeals of Mississippi.
April 22, 2003.
Rehearing Denied June 17, 2003.
*191 Mel Lindsey Atwell, pro se.
Office of the Attorney General, By: Jean Smith Vaughan, Attorney for Appellee.
Before SOUTHWICK, P.J., THOMAS and CHANDLER, JJ.
SOUTHWICK, P.J., for the court.
¶ 1. Mel Atwell appeals the denial of his petition for post-conviction relief, assigning numerous points of error. For the reasons discussed below, we affirm the circuit court.

FACTS
¶ 2. Mel Atwell was indicted on a charge of felony driving under the influence. On June 8, 2000, Atwell entered a plea of guilty to the charge and received a five year suspended sentence with two years' post-release supervision. A provision of the sentencing order permitted Atwell to transfer his supervision to either Tennessee or Georgia, if he was accepted by one of those states.
¶ 3. Atwell reported to his probation officer on June 9, 2000, but never reported again. The Department of Corrections twice petitioned for revocation of Atwell's suspended sentence. The first petition was filed August 11, 2000, for failure to report to his probation officer. The second petition, filed May 31, 2001, also asked for revocation based on failure to appear. It also gave as grounds that he had left the state without permission and had acquired two more DUI arrests, one in Biloxi and one in Paducah, Kentucky. Following Atwell's apprehension, a revocation hearing was held before the same trial judge as had sentenced him. Atwell admitted in open court to having violated the terms of his suspended sentence. The suspension was revoked in its entirety.
¶ 4. Atwell first filed for post-conviction relief on September 22, 2001. The petition *192 was returned to him two months later for failing substantially to comply with the statutory pleading requirements. Also in August 2001, Atwell filed for a writ of habeas corpus in the District Court for the Southern District of Mississippi. The federal court dismissed the petition without prejudice for failing to exhaust available state remedies. Atwell also later filed a civil rights violation suit against the State of Mississippi in the District Court of the Eastern District of Tennessee. This was also dismissed.
¶ 5. Atwell resubmitted his petition to the Harrison County Circuit Court on August 13, 2002. On September 6, 2002, the court ruled that each of Atwell's claims was without merit. He dismissed the petition. It is from this order that Atwell now appeals.

DISCUSSION

1. The felony charge
¶ 6. Atwell asserts that he was never charged with a prior felony DUI and should not have been charged with a third-offense felony. He also argues the lower court erred in permitting the State to use two out-of-state DUI convictions to establish the predicate for the felony charge. He also alleges that one of the prior convictions was more than five years old at the time of his conviction and could not be used to establish the third offense felony charge.
¶ 7. The felony DUI statute states that for "any third or subsequent conviction of any person violating subsection (1) of this section, the offenses being committed within a period of five years, such person shall be guilty of a felony." Miss.Code Ann. § 63-11-30(2)(c) (Rev. 1996). It is not required that the predicate convictions be felonies, only that they be convictions for driving under the influence within the past five years. Atwell had been twice convicted of driving while intoxicated in the State of Georgia, on October 19, 1995, and October 7, 1996. Both of these prior convictions were within the required five-year period to sustain the felony charge in June 2000.
¶ 8. The fact that the prior convictions occurred in another state does not affect the felony status of Atwell's crime. This statute specifically permits out-of-state convictions to be used for determining whether the charge was a first, second, third or subsequent offense, as well as in setting the penalty. Miss.Code Ann. § 63-11-30(7) (Rev.1996).

2. The guilty plea
¶ 9. Atwell claims multiple errors stemming from the entry and acceptance of his guilty plea: he never entered a guilty plea; the petition to enter the plea was forged by defense counsel; the petition's terms do not correspond with the sentencing order; Atwell was unconstitutionally denied the right to present witnesses to prove his innocence of the crime charged; and the judge who signed the sentencing order was not the judge who presided over the plea hearing.
¶ 10. Atwell's various briefs and motions to this Court and the court below contain several contradictions. Atwell claims in one brief that he believed he was going to trial on June 8, 2000, but was instead summarily found guilty after his witness was told to leave the courtroom. In another brief, Atwell admits that he took the plea bargain but only because he had already spent six months in jail and wanted out in order to return to Tennessee immediately. Atwell claims at one point that he had never seen the guilty plea petition before examining the appeal record. Elsewhere he states that he may have seen the petition but only to sign it.
*193 ¶ 11. Atwell does not deny that his signature appears on the petition, which clearly informed him of the constitutional rights being waived by entering the plea, including that of a trial by jury. A trial is the necessary venue for presenting witnesses. By waiving his right to trial, Atwell also waived his right to present defense witnesses.
¶ 12. In ruling on the petition for post-conviction relief, the court found that Atwell had voluntarily entered the guilty plea, a finding supported by Atwell's sworn signature on the petition to enter the guilty plea. We place a strong presumption of validity upon an individual's statements made under oath. Mowdy v. State, 638 So.2d 738, 743 (Miss.1994). The burden is upon Atwell to prove by a preponderance of the evidence that he is entitled to the requested post-conviction relief. Miss.Code Ann. § 99-39-23(7) (Rev.2000). Where, as here, the only evidence supplied by the petitioner is his own affidavit contradicting his prior sworn writing, the petitioner has failed to meet this burden. Harris v. State, 578 So.2d 617, 620 (Miss. 1991).
¶ 13. Atwell also claims that his plea was coerced. In order for a plea to be voluntary, it cannot be the product of fear, violence, deception, or improper inducements. URCCC 8.04(A)(3). Atwell does not claim any of these. Rather, he states that he was coerced because he was held without bail pending trial and he wanted out of jail immediately. Atwell's desire to get out of jail does not constitute coercion and is insufficient to render his plea involuntary.
¶ 14. We find that the lower court did not err in finding Atwell's plea to be voluntarily given.
¶ 15. Atwell also complains that the entries onto the guilty plea petition were forged by his defense counsel and that the terms of the plea petition do not conform to the sentence handed down. These claims were not part of the errors assigned in the petition for relief presented to the trial court. They appear for the first time on appeal. Issues not timely presented to the trial court are deemed waived for purposes of appellate review. Read v. State, 430 So.2d 832, 833 (Miss. 1983). We therefore do not address them here.
¶ 16. In the final assignment of error flowing from the original plea hearing, Atwell claims his hearing was presided over by Judge Robert Walker, not Judge Jerry O. Terry whose signature appears on the sentencing order. In support of this claim, Atwell supplies the affidavit of Ms. Linda DeSilvey who swears that she was in the courtroom at the plea hearing and Judge Walker was on the bench for the event. In the order denying post-conviction relief, Judge Terry points out that his original signature appears on the sentencing order, just above that of Atwell's acknowledging the conditions of his suspended sentence.
¶ 17. The presumption of accuracy of documents and of signatures on them is strong. Yet even if we accept that a different judge may have presided over the hearing, Atwell presents no error which may be remedied. He does not allege that the document contains a sentence different than that imposed from the bench. He claims no injury at all. Without injury, there is no relief to be granted.

3. The revocation hearing
¶ 18. Atwell alleges these errors stemming from the revocation of his suspended sentence: Judge Terry lacked jurisdiction to revoke because he was not the sentencing judge; the revocation was improper *194 because he abided by the conditions and returned to Tennessee; the court and probation officers should be held in contempt for failing to return him to Tennessee; and he was tried without counsel at the revocation hearing.
¶ 19. It is the Circuit Court of Harrison County which retained jurisdiction over Atwell's suspended sentence, not a particular judge in the circuit. The court has authority to revoke part or all of a suspended sentence for violation of the conditions of that suspension. Miss.Code Ann. § 47-7-37 (Rev.2000). The identity of the judge who revoked probation is not the basis for objection.
¶ 20. Atwell also argues that the suspended sentence should not have been revoked at all because he did not violate the conditions by leaving Mississippi. Instead, he alleges that he had a right to leave the State. The suspended sentence order permitted supervision to be transferred to either Tennessee or Georgia, if accepted. Both Mississippi and Tennessee participate in the Interstate Uniform Act for Out Of State Parolee Supervision. Miss.Code Ann. § 47-7-71 (Rev.2000); Tenn.Code Ann. § 40-28-401. This act permits transfer of supervision for probationers. Miss.Code Ann. § 47-7-71(1) (Rev.2000). The purpose of the act is to facilitate transfers of supervision between participating states. However, there is no absolute obligation on the part of the intended receiving state to accept such a transfer. Id. Thus, the qualification that Atwell be accepted for transfer.
¶ 21. Because transfer is not automatic, Atwell was required to comply with the procedures necessary to make application to Tennessee for transferring his supervision. He provides no evidence that he ever attempted to comply with the procedures necessary or that Tennessee accepted him. Until the transfer was effective, Atwell's leaving Mississippi constituted a violation of the conditions of his suspended sentence and was a valid ground for revocation.
¶ 22. We also point out that the reason given for the first petition to revoke was Atwell's failure to report to his probation officer, not for leaving the state. Atwell argues that he did report as required but to a Biloxi probation officer, not a Gulfport one. The trial court record indicates Atwell met with his probation officer once, the day after sentence was imposed, then never returned. Atwell supplies another affidavit from Ms. DeSilvey swearing she drove him to his probation meetings in Biloxi. Regardless of how the conflicting evidence was resolved, there were also other grounds alleged, including that Atwell had been charged with another DUI. The order revoking probation stated that Atwell "confesses that he violated his probation." Therefore, whatever ground was the one to which Atwell confessed, that was an adequate basis for revocation.
¶ 23. Finally, Atwell claims that he was not given benefit of counsel at his revocation hearing. He claims as an indigent, he was entitled to a court-appointed lawyer. The lower court found Atwell did not request counsel, a finding Atwell vehemently denies.
¶ 24. Atwell applied to the supreme court for appointment of counsel for assistance with this appeal. There is nothing to indicate that he ever requested counsel for the revocation hearing. Even had Atwell done so, there is usually no right to counsel at that stage of criminal proceedings. Riely v. State, 562 So.2d 1206, 1209 (Miss.1990). The probationer has the right to counsel at a revocation hearing only if the issues are complex and the case difficult to develop. Id. Given the *195 straightforward nature of the case, appointment of counsel was not needed.

4. Denial of bail pending appeal
¶ 25. Finally, Atwell claims that he was constitutionally entitled to bail during this appeal. A defendant appealing from his original conviction may petition for bail while his appeal is under review. Miss.Code Ann. § 99-35-115 (Rev.2000). Atwell is not pursuing a direct appeal of his conviction, but review of the denial of post-conviction relief. Bail is not permitted for such prisoners. Miss.Code Ann. § 99-39-25(4) (Rev.2000).
¶ 26.THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY DENYING POST CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THE APPEAL ARE ASSESSED TO HARRISON COUNTY.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.