912 So.2d 1091 (2005)
Daniel Clyde DOVE, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-KA-00226-COA.
Court of Appeals of Mississippi.
October 18, 2005.
*1092 Robert Charles Stewart, attorney for appellant.
Office of the Attorney General by Jean Smith Vaughan, attorney for appellee.
Before BRIDGES, P.J., MYERS and CHANDLER, JJ.
CHANDLER, J., for the Court.
¶ 1. Daniel Dove was convicted by a jury in the Harrison County Circuit Court for felony DUI. Dove appeals, raising the following issues:
I. WHETHER THE CIRCUIT COURT ERRED IN OVERRULING DOVE'S MOTION TO SUPPRESS THE EVIDENCE
II. WHETHER THE CIRCUIT COURT ERRED IN OVERRULING DOVE'S MOTION IN LIMINE TO PREVENT EVIDENCE OF DOVE'S PRIOR CONVICTIONS
¶ 2. Finding no error, we affirm.

FACTS
¶ 3. On November 26, 2000, at approximately 11:00 a.m., Larry Isaiah and Larry Hartfield were involved in a car accident with Daniel Dove at the parking lot of the Studio Apartments in Gulfport. Officer James Vaughan responded to the accident. He instructed Dove to turn his car off, but instead he drove another three feet. Dove complied with the request after Officer Vaughan repeated the command.
¶ 4. Officer Vaughan noticed that Dove had a beer in his hand and was trying to hide it. He also noticed that Dove's "words were slurry, his eyes were bloodshot, and he really didn't know where he was." He also noticed that Dove's car smelled of alcohol.
¶ 5. Officer Vaughan decided to obtain the assistance of Officer Jerry Birmingham, who has received training in detecting drunk driving. Officer Birmingham approached Dove and observed him stagger and stumble. He then asked Dove to recite the alphabet, but Dove failed after reaching the letter G. At 11:37 a.m., Officer Birmingham was of the opinion that Dove was under the influence of alcohol and arrested him. Dove refused to submit to an intoxilyzer test, so Officer Birmingham obtained a warrant from a municipal court judge to draw Dove's blood. The test was administered at 1:24 p.m. and showed a blood alcohol concentration of .39 percent. At the time of the arrest, the legal limit for driving under the influence was .10 percent. Miss.Code Ann. § 63-11-30(1)(c) (Rev.2000).
¶ 6. While Dove was in custody, the police learned that Dove had been found guilty of a DUI on January 13, 1997, and pleaded guilty to a second DUI on March 11, 1999. Dove was arrested and later indicted for felony driving under the influence of alcohol. Miss.Code Ann. § 63-11-30(1)(a)(2)(c) (Rev.2004). The case went to trial, and the jury returned a guilty verdict.

I. WHETHER THE CIRCUIT COURT ERRED IN OVERRULING DOVE'S MOTION TO SUPPRESS THE EVIDENCE
¶ 7. On the day of Dove's trial, his attorney made a motion to suppress evidence of Dove's blood alcohol results, claiming that the warrant authorizing the blood alcohol test was invalid. The court denied the motion. Dove contends that *1093 the municipal court violated his Fourth and Fourteenth Amendment rights when it issued a warrant authorizing a blood alcohol test without Dove's consent.
¶ 8. In Schmerber v. California, 384 U.S. 757, 758-59, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966), Schmerber was being treated at a hospital for injuries he suffered in an automobile accident. A police officer directed a physician to take a blood sample from Schmerber's body. The blood sample showed that Schmerber was intoxicated at the time of the accident. Schmerber was indicted for driving under the influence of alcohol, and the blood sample was introduced at trial. Schmerber claimed that the blood test was given without his consent, was the product of an unlawful search and seizure, and violated his rights under the Fourth and Fourteenth Amendments of the United States Constitution. The United States Supreme Court disagreed and held that taking blood alcohol samples from a defendant who had been lawfully arrested did not violate a person's constitutional rights. In reaching this conclusion, the Court recognized the urgency of administering alcohol tests quickly, noting that "the percentage of alcohol in the blood begins to diminish shortly after drinking stops, as the body functions to eliminate it from the system." Id. at 770, 86 S.Ct. 1826.
¶ 9. A police officer desiring an arrest warrant must obtain a judicial determination that probable cause exists. Conerly v. State, 760 So.2d 737, 740(¶ 7) (Miss.2000). The issuing judge's determination of the existence of probable cause is determined by the totality of the circumstances. Haddox v. State, 636 So.2d 1229, 1235 (Miss.1994). On review of a judge's issuance of an arrest warrant, this Court determines whether the facts and circumstances before the judge provided a "`substantial basis . . . for conclud[ing] that probable cause existed.'" Byrom v. State, 863 So.2d 836, 860 (¶ 65) (Miss.2003) (quoting Illinois v. Gates, 462 U.S. 213, 238-39, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)). In the present case, Officer Birmingham observed Dove's slurred speech and staggered walk, and he noted that Dove's breath smelled of alcohol. He also noted that Dove actually admitted to having drunk four beers that morning and was unable to recite the alphabet. The municipal court judge was within his discretion in issuing a warrant.

II. WHETHER THE CIRCUIT COURT ERRED IN OVERRULING DOVE'S MOTION IN LIMINE TO PREVENT EVIDENCE OF DOVE'S PRIOR CONVICTIONS
¶ 10. On the day of trial, Dove's attorney made a motion in limine to suppress evidence of Dove's prior DUI convictions. The court heard the motion and denied it. Dove asserts that the State presented evidence of four prior DUI convictions, over Dove's attorney's objection. This assertion is factually incorrect. In reality, the State presented into evidence four documents representing two prior DUI offenses.
¶ 11. Dove also contends that Dove's prior DUI convictions unfairly prejudiced the jury and claims that the prejudicial effect outweighed the probative value. M.R.E. 403. However, the Mississippi Supreme Court has specifically addressed this very issue. In Weaver v. State, 713 So.2d 860 (Miss.1997), the defendant was convicted of a felony third offense DUI. Weaver claimed that the felony DUI trials should have been bifurcated due to the prejudicial nature of the underlying misdemeanor convictions. Id. at 865(¶ 29). The Mississippi Supreme Court rejected this claim and noted that the evidence of the defendant's prior DUI *1094 convictions was necessary to meet the State's burden of proof and obtain conviction for a felony DUI. Id. at 865(¶ 31). Likewise, in the present case, it was necessary for the State to produce evidence of Dove's prior DUI convictions in order to secure a felony DUI conviction, because the prior arrests were elements of the crime with which he was charged. Moreover, in the case sub judice, the circuit court took steps to minimize the potentially prejudicial effects of Dove's prior convictions. The jury was given a cautionary instruction mandating that Dove's prior DUI convictions were not to be considered as evidence against Dove. This issue is without merit.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY OF CONVICTION OF FELONY DRIVING UNDER THE INFLUENCE AND SENTENCE OF FIVE YEARS, SENTENCE TO RUN CONSECUTIVELY WITH SENTENCE APPELLANT IS CURRENTLY SERVING, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL COSTS ARE ASSESSED TO HARRISON COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, GRIFFIS, AND BARNES, JJ., CONCUR. ISHEE, J., NOT PARTICIPATING.