GRIFFIS, J.,
for the Court.
¶ 1. Michael Mean Smith was found guilty of felony driving under the influence (“DUI”), third offense. Smith appeals. He argues that the evidence was insufficient to find him guilty of DUI third offense and that he was denied a fair trial when the State introduced evidence of pri- or DUI convictions during the guilt phase of the trial. We reverse and remand for re-sentencing.
FACTS
¶ 2. On November 27, 2004, Smith was traveling on Highway 43 in Leake County, Mississippi. Deputy Sheriffs James D. Moore and Greg Mullin, while on patrol together, passed Smith’s vehicle and noticed the vehicle was without a light to illuminate the license plate. The deputies pursued Smith. While in pursuit, they observed the vehicle swerve several times. After the vehicle stopped, Deputy Moore testified that Smith appeared intoxicated and smelled of alcohol. The deputies then took Smith to the Leake County Jail and administered a breath test, resulting in a blood alcohol content reading of .148 percent.
¶ 3. At trial, Deputy Moore and Deputy Mullin testified. At the conclusion of its case-in-chief, the State offered into evidence certified copies of court records concerning two prior DUI convictions. One document was an abstract of a court record that detailed Smith’s guilty conviction for DUI first offense on March 10, 2000. The abstract indicated that the offense occurred on February 2, 2000. The second document was a certified copy of a judgment finding Smith guilty for DUI third or subsequent offense on September 3, 2002. However, the judgment did not identify the date when the offense was committed.
¶ 4. At the conclusion of the State’s casein-chief, Smith’s counsel made a motion for a directed verdict and alleged that the State failed to meet its burden of proof. This motion was overruled. Thereafter, the jury returned a guilty verdict. Smith was sentenced to serve a term of four years in the custody of the Mississippi Department of Corrections and pay a $2,000 fine and all costs of court. Smith filed a motion for a new trial and alleged, among other things, that the sentence given was not supported by the evidence. The motion was denied.
ANALYSIS

I. The evidence was insufficient to find Smith guilty of the crime of DUI third offense.

¶ 5. Smith argues that the State presented insufficient evidence to prove that this was the third time Smith had been convicted of a DUI within five years. Smith claims that there was no evidence presented to the jury that the prior offenses occurred within five years of the most recent offense. The State argues this issue is barred for failure to raise the issue below.
¶ 6. We find that Smith did raise the argument below in his motion for a new trial. Specifically, Smith claimed that “the sentence given the Defendant by the Court in this case was not supported by the evidence.” Therefore, the State’s argument that this issue is barred for failure to raise it before the trial court is without merit. We now address the sufficiency of the evidence.
¶ 7. In reviewing a challenge of legal sufficiency, this Court must determine whether any rational juror could have found that the State proved each and every element of the crime charged be *1058 yond a reasonable doubt. Bush v. State, 895 So.2d 836, 843(¶ 16) (Miss.2005) (citing Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). The State must be given the benefit of all reasonable inferences that may be drawn from the evidence. Christian v. State, 859 So.2d 1068, 1071(¶ 12) (Miss.Ct.App.2003) (citing Wetz v. State, 503 So.2d 803, 808 (Miss.1987)).
¶ 8. Smith was convicted in accordance with Mississippi Code Annotated Section 63-ll-30(2)(c) (Supp.2004). This section states in pertinent part that “[e]xcept as otherwise provided in subsection (3), for any third or subsequent conviction of any person violating subsection (1) of this section, the offenses being committed within a period of five (5) years, such person shall be guilty of a felony.” § 63-ll-30(2)(c) (emphasis added). This requires that the State prove two things for each conviction. First, the offense resulted in a conviction for DUI; and second, the offense for which the defendant was convicted occurred within five years of the charged offense. Evidence of both the date the offense was committed, normally the date of the arrest, and that the arrest/offense resulted in a conviction are necessary to sustain a conviction under Section 63 — 11— 30(2)(c).
¶ 9. Evidence was introduced of two previous convictions that Smith received for DUI’s. The State introduced an abstract of a conviction on March 10, 2000, for an offense which occurred on February 2, 2000. Since the offense which Smith is currently appealing occurred on November 27, 2004, the February 2, 2000 offense clearly occurred within five years of the charge that he was on trial for as required by the statute.
¶ 10. Smith claims that error was with the second conviction that the State entered into evidence. For the second DUI conviction, the State entered into evidence a judgment dated September 3, 2002, convicting Smith of a DUI. Smith is correct that the judgment does not contain the date of when the offense occurred. Thus, the State failed to introduce evidence that the conviction under this judgment occurred within five years of the offense for which Smith was on trial. The State offered no further evidence of the date on which the second DUI offense occurred. The statute requires that the offenses must have been committed within a period of five years of each other, not the convictions. Proof of the convictions is required by the statute, but without including the date of the offense on the second DUI conviction there is no evidence to show that it occurred within five years of the most recent offense.
¶ 11. The dissent correctly notes that our courts have never addressed this issue. Yet, the dissent relies upon the “vast amount of precedent” to reach its interpretation that only evidence of prior convictions are necessary. We conclude that the dissent’s interpretation would require us to ■ignore the phrase in Section 63-ll-30(2)(e) that states “the offenses being committed within a period of five (5) years.” We find this conclusion to be contrary to the specific language of the statute, and we must give effect to this language. We interpret this to requires that the State prove that the first and second offenses were “committed” within five years of the third offense. The only way to establish this fact is for the State to introduce evidence of the date the first and second offenses were committed. Only then can we determine whether the “third offense” was committed within five years of the first and second. Evidence of only the conviction, which does not also contain the date the offense was committed, is not sufficient.
*1059 ¶ 12. The dissent cites several cases, none of which offer any guidance here. In Dove v. State, 912 So.2d 1091, 1093-94 (¶¶ 10-11) (Miss.Ct.App.2005), the Court considered whether Dove’s prior convictions should have been allowed into evidence. Dove argued that the evidence unfairly prejudiced the jury. Id. This Court determined that the supreme court had “rejected this claim and noted that the evidence of the defendant’s prior DUI convictions was necessary to meet the State’s burden of proof and obtain conviction for a felony DUI.” Id. at 1094(¶ 11) (citing Weaver v. State, 713 So.2d 860, 865(¶ 31) (Miss.1997)). Thus, it was proper for the trial court to allow proof of prior convictions. Dove, 912 So.2d at 1094(¶ 11) This Court’s analysis continued, “[IJikewise, in the present case, it was necessary for the State to produce evidence of Dove’s prior DUI convictions in order to secure a felony DUI conviction, because the prior arrests were elements of the crime with which he was charged.” Id. (emphasis added). Thus, Dove is consistent with the majority’s ruling here that both the arrest and the conviction are elements of the crime of DUI third offense.
¶ 13. In Atwell v. State, 848 So.2d 190, 191(¶ 2) (Miss.Ct.App.2003), this Court considered a petition for post conviction relief where Atwell pled guilty to felony driving under the influence. This Court looked at the information available and determined that Atwells’ convictions for driving while intoxicated in the State of Georgia were sufficient under Miss.Code Ann. § 63 — 11—30(2)(c) (Rev.1996). Id. at 192(¶ 7). The issue before us here is not the same as in Atwell. This Court’s decision in Ativell did not delete an element of the crime, i.e. the “offenses being committed within a period of five (5) years.” Miss.Code . Ann. § 63-ll-30(2)(c) (Rev. 2004).
¶ 14. In Arnold v. State, 809 So.2d 753, 757 (Miss.Ct.App.2002), Arnold argued that there was no evidence of the first or second offenses. This Court, without providing all of the details, decided the evidence was sufficient and held:
Our statute on DUI/third offense reads as follows:
For any third or subsequent conviction of any person violating subsection (1) of this section, the offenses being committed within a period of five (5) years, such person shall be guilty of a felony and fined not less than Two Thousand Dollars ($ 2,000.00) nor more than Five Thousand Dollars ($ 5,000.00) and shall be imprisoned not less than one (1) year nor more than five (5) years in the State Penitentiary.
Miss.Code Ann. § 63-ll-30(2)(c) (Rev.1996) (emphasis added). We read the statute to say that any third conviction of the crime of driving under the influence under Miss.Code Ann. § 63 — 11— 30(1) (Rev.1996), may be sentenced as a felony charge. There is nothing in the statute that we interpret to mandate that the convictions be labeled, literally, as a “first offense,” followed by a “second offense,” followed by a “third offense.” Because the statutory language provides that there must be three convictions within five years, without any further stipulations, we hold that Arnold was subject to be sentenced under this section governing third offense DUIs, despite his arguments otherwise. Miss. Code Ann. § 63-ll-30(2)(c) (Rev.1996).
Arnold, 809 So.2d at 757(¶ 7) (Miss.Ct.App. 2002) (emphasis in original). The Court concluded that “[a]lthough there is minimal information in the record as to Arnold’s two prior DUI convictions, there is nothing in the record to suggest that any statutory mandates were not followed in *1060 this case.” Id. at (¶ 13). Just as in Atwell, Arnold did not delete the statutory requirement that the offenses were committed within five years; instead, it merely held that there was sufficient evidence as required by the statute.
¶ 15. We illustrate the problem. The offense before us occurred on November 27, 2004, the date Smith was stopped and arrested. Under the statute, the State must establish that Smith was convicted of two prior DUI’s that were committed within five years. Thus, Smith had to have committed two prior DUI’s within the five year period from November 27, 1999 through November 27, 2004. The State offered a judgment that established that Smith was arrested on February 2, 2000, and convicted of the offense of driving under the influence on March 10, 2000. The first offense was established. For the second offense, the State offered a judgment that established that Smith was convicted of the offense of driving under the influence on September 8, 2002. The judgment does not establish the date of the arrest. If this offense was committed on or before November 26, 1999, it could not establish the second offense. The problem is that the State did not establish that the three DUI’s were committed within five years. We could assume that the September 3, 2002 conviction was committed within the five year period. However, we decline to assume facts not in evidence, and we will require the State to prove all of the elements of the crime.
¶ 16. Even giving the State the benefit of all inferences that may be drawn from the evidence, there was no evidence introduced to establish that the offense occurred within five years of the charged offense. Therefore, the evidence is insufficient to support the finding of Smith guilty of DUI third or subsequent offense.

II. The State denied Smith a fair trial by introducing evidence of prior DUI convictions during the guilt phase of the trial.

¶ 17. Smith’s second allegation of error is that he was denied a fair trial since evidence was introduced of prior bad acts. Specifically, he claims it was prejudicial to introduce evidence of the prior DUI convictions during the guilt phase of the trial. Smith relies upon Strickland v. State, 784 So.2d 957, 962(¶20) (Miss.2001), which stated that the “prior convictions are only relevant as to sentencing and should only be admitted during a separate sentencing phase.” The supreme court has since clarified that each prior conviction is an element of a charge for the crime of DUI third offense. Rigby v. State, 826 So.2d 694, 699(¶ 6) (Miss.2002). Since the earlier convictions are elements of the charge of DUI third offense, if we prevented the State from proving the prior convictions to the jury then we “would preclude the State from proving an essential element of the crime and the circuit court would breach its duty to instruct the jury on all the essential elements of the crime charged.” Ward v. State, 881 So.2d 316, 320(¶ 18) (Miss.Ct.App.2004) (citing Rigby, 826 So.2d at 701(¶ 13)). Since the State is required to prove all the essential elements of the crime charged, it was not unfair prejudice to present evidence of pri- or DUI convictions. Therefore, this issue is without merit.
CONCLUSION
¶ 18. While we find that there was insufficient evidence to prove Smith’s violation of DUI third offense, it is undisputed that Smith was in violation of Section 63-11-30(1) whereby he operated a motor vehicle with a blood alcohol concentration greater than .08%. Smith correctly alleges that the State failed to prove that Smith *1061 had two prior DUI convictions, where the offenses occurred within five years. Without evidence of when the offense for the September 3, 2002, conviction occurred, there is insufficient evidence to convict Smith of felony DUI. Accordingly, we remand this case to the Circuit Court of Leake County with direction to sentence Smith for violation of Section 63 — 11— 30(2)(b) and not Section 63 — 11—30(2)(c).
II19. THE JUDGMENT OF THE CIRCUIT COURT OF LEAKE COUNTY IS REVERSED AND REMANDED TO SENTENCE MICHAEL MEAN SMITH ACCORDING TO MISSISSIPPI CODE ANNOTATED SECTION 63-ll-30(2)(b). ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEAKE COUNTY.
KING, C.J., LEE, P.J., IRVING, CHANDLER, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. MYERS, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY CARLTON, J.