BARNES, J.,
dissenting:
¶ 29. I find reversible error in the failure of the State to prove an essential element of felony DUI; therefore, I respectfully dissent from the majority’s opinion. In its appellate brief, the State cites to Smith v. State, 950 So.2d 1056 (Miss.Ct.App.2007) for the proposition that both prior offenses for felony DUI had to have been committed within five years of the current offense. However, the State’s cite to Smith reveals a different defect in the evidence presented than that argued by the defense — lack of the offense date in one of the supporting documents. Smith notes that Mississippi Code Annotated section 63 — 11—30(2)(c):
requires that the State prove two things for each conviction. First, the offense resulted in a conviction for DUI; and second, the offense for which the defendant was convicted occurred within five years of the charged offense. Evidence of both the date the offense was committed, normally the date of the arrest, and *42 that the arrest/offense resulted in a conviction are necessary to sustain a conviction under Section 63-ll-30(2)(c).
Id. Therefore, Smith holds that there must be evidence of both the date of the arrest and the conviction of the two prior DUIs in order to convict for felony DUI.
¶ 30. Applying Smith to this case, it is clear that the State failed to establish that three DUIs were committed within five years as required under section 63-11-30(2)(c). While, in the instant case, Smith’s counsel did not specifically raise this issue, I find the plain error doctrine would apply. This Court has addressed as plain error instances regarding the sufficiency of the evidence when the State has failed to prove an element of a crime. Unlike the majority, I find that failure “is so fundamental that ... it would be a substantial miscarriage of justice to permit” a conviction to stand. See Carr v. State, 770 So.2d 1025, 1030 (¶ 16) (Miss.Ct.App.2000).
¶ 31. At trial, the State entered into evidence, belatedly,[3] certified copies of court records for two prior DUI convictions. Exhibit S-5 included an abstract of a court record on Smith’s conviction for DUI second offense, which included both the date of the offense and conviction date of April 4, 2004, and April 27, 2004, respectively. The other exhibit, S-6, was a certified copy of a judgment finding Smith guilty for felony DUI, dated August 31, 2006. However, the judgment did not specify the date the offense was committed.
¶ 32. In Smith, which is almost identical to this case, this Court reversed the defendant’s conviction for felony DUI and remanded for resentencing under DUI second offense because of insufficient proof of two prior DUI convictions within five years. Id. at 1060-61 (¶ 18). The State entered two documents into evidence to prove the two prior DUI convictions. A court abstract was used to prove the first supporting offense, which included both the date of the offense and conviction. The second document was a certified judgment finding Smith guilty of DUI third or subsequent offense, but it did not identify the date the offense was committed, just as in this case. Id. at (¶3). This Court explained that it is possible for the date of the offense/arrest for the second supporting conviction to occur before the date of the first supporting offense/arrest, which could place it outside of the five-year window. Id. at 1060 (¶ 15).
¶ 33. Here, even giving the State the benefit of all inferences drawn from the evidence, there was no evidence provided that the second-supporting offense occurred within five years of the charged offense. We cannot assume facts not entered into evidence that are an element of the offense; it is the State’s burden to prove all elements of a criminal offense. The majority points out that the prosecutor represented the date of this offense to be May 17, 2006, when he moved to introduce the judgment entered August 31, 2006. However, there is no evidence in the record to support this statement. “[Cjounsel may not, under the guise of argument, state facts that have not been proved by the evidence.” Branch v. State, 882 So.2d 36, 76 (¶ 131) (Miss.2004) (quot *43 ing Burns, 729 So.2d 203, 229 (¶ 134) (Miss.1998)). Additionally, the majority contends the cause number of the indictment is sufficient proof that the offense was committed within five years under section 63 — 11—30(2)(c). I disagree. Just because Smith was indicted within five years of the current offense does not mean that the second-supporting offense occurred within that time frame. It is perfectly possible for the indictment to have been returned in 2006, to have been within the two-year statute of limitations for prosecutions under Mississippi Code Annotated section 99-1-5 (Rev.2007), but for the second-supporting offense to have still occurred more than five years before the DUI at issue. The evidence necessary to enforce the enhanced sentence for felony DUI is simply lacking in this case. Accordingly, I would reverse and remand on the sufficiency of the evidence of the prior convictions, and remand the case to the Circuit Court of Neshoba County in order to sentence Smith for violation of section 63 — 11—30(2)(b), or DUI second offense.
LEE, C.J., GRIFFIS, P.J, ISHEE AND RUSSELL, JJ„ JOIN THIS OPINION.

. It was not until after the State had rested and the defense had moved for a directed verdict on felony DUI that the State offered to put into evidence the two exhibits of convictions for prior DUIs. I agree with the majority that it was not reversible error for the trial court to reopen the case to admit this evidence. However, we cannot presume the State had a certified document that would prove the date of the second-supporting offense since it did not offer one into evidence.