ROBERTS, J.,
for the Court:
¶ 1. Johnathan Price claims the Lauder-dale County Circuit Court committed reversible error when it dismissed his motion for post-conviction relief (PCR) in which Price claimed he mistakenly believed he pled guilty to simple robbery rather than armed robbery. Price’s guilty-plea petition and the events that transpired during his guilty-plea hearing are inconsistent with his claim. Accordingly, we find no error and affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. In March 2009, a Lauderdale County grand jury returned the following indictment against Price:
Price ... did willfully, unlawfully!,] and feloniously take the personal property of CEFCO, ... consisting of approximately one hundred seventy-eight dollars ..., an unknown amount of change, Newport cigarettes, and a lighter from ... an employee of CEFCO, against his will, by violence to his person or by the exhibition of a deadly weapon, to wit: by making a motion of having a weapon, putting him in fear of immediate injury, and, if not this greater crime, then the *488 lesser crime of [r]obbery, by taking personal property, in the person(s)’s presence or from the person(s) and against the person(s)’s will by violence to said person(s) or by putting said person(s) in fear of some immediate injury to said person(s), without the exhibition of a deadly weapon.
Price also faced three separate armed-robbery charges under two other indictments bearing the cause numbers “155-09 and 156-09.”
¶3. In September 2009, Price filed a petition to plead guilty. Price indicated that he intended to plead guilty to armed robbery. He acknowledged that the possible sentence for armed robbery was between three years and life imprisonment in the custody of the Mississippi Department of Corrections (MDOC) and life imprisonment. Price’s guilty-plea petition stated that he expected the prosecution to recommend the following sentence: “Twenty years [in the custody of the] MDOC, twelve years suspended, eight years to serve, 5 years [of post-release supervision].” Additionally, Price anticipated that the prosecution would “dismiss [cause numbers] 155-09[and] 156-09.”
¶ 4. The circuit court conducted a guilty-plea hearing on September 17, 2009. We will discuss the events that transpired during Price’s guilty-plea hearing in greater detail in the analysis below. Suffice it to say, Price pled guilty to armed robbery. The circuit court sentenced Price according to the prosecution’s recommendation and Price’s expectation. In exchange, the prosecution dismissed the three separate armed-robbery charges in cause numbers “155-09 and 156-09.”
¶5. In November 2010, Price filed a document styled as a “motion for sentence reduction.” Price argued that the circuit court should reduce his sentence because he thought he had pled guilty to simple robbery rather than armed robbery. The circuit court treated Price’s motion as a PCR motion and summarily dismissed it. Price appeals.
STANDARD OF REVIEW
¶ 6. We will not reverse a circuit court’s decision to dismiss a PCR motion unless the circuit court’s decision was clearly erroneous. Dobbs v. State, 18 So.3d 295, 297 (¶ 6) (Miss.Ct.App.2009) (citation omitted). We review questions of law de novo. Id.
ANALYSIS
¶ 7. Price raises multiple issues, but they all focus on the premise that he was led to believe that he was pleading guilty to simple robbery rather than armed robbery. Price argues that his sentence should be reduced, or this Court should vacate his guilty plea. However, Price’s claim is in stark contrast to the following statements during his guilty-plea hearing:
Q. Now, you have discussed your case with [your attorney], and you understand on armed robbery you could be sentenced from three years up to life, if the jury sets that, and a fine of up to $10,000 plus fees, eost[s], and restitution to the victim in the case, right?
A. Yes, Your Honor.
[[Image here]]
Q. Now, with that understanding, you are submitting your plea of guilty on the armed robbery charge, right?
A. Yes, Your Honor.
[[Image here]]
Q. All right. Now, in your case then, Mr. Price, you have gone over the facts that led to this armed robbery charge that you caught out at the CEFCO on January 15, 2009 with your attorney, ... right?
A. Yes, Your Honor.
*489 Q. And after discussing that with her, she’s explained to you exactly what the State would have to prove to find you guilty of armed robbery there[;] she’s gone over with you defenses that you may have to that case, ... and other possible lesser included offenses like simple robbery....
A. Yes, Your Honor.
Q. And you are asking to proceed on with your plea of guilty here today on the robbery — excuse me — armed robbery charge, and you made that decision on your own, freely and voluntarily, here today?
A. Yes, Your Honor.
[[Image here]]
Q. And you wish to waive [your rights] and proceed on with your plea of guilty on the armed robbery charge?
A. Yes, Your Honor.
[[Image here]]
Q. Finally, Mr. Price, on the armed robbery charge as we discussed, you could get three years up to life, up to [a] $10,000 fine, plus fees, cost[s], and restitution to any victim here. As I understand it, if I accept your plea of guilty here today on the armed robbery charge, the State is going to recommend a 20-year sentence with 12 of those years being suspended. What that means is that you have eight years to serve. You will start serving that eight-year sentence today. I will give you credit for the 165 days that you have already served against that sentence ..., [o]kay?
A. (Nodding head affirmatively.)
Q. And as I understand it, there are two other felony cases that are pending against you where there were indictments, that being 155-09 and 156-09. And as I understand it, the State is going to dismiss both of those indictments.
[[Image here]]
Q. And in your case, Mr. Price, I understand that you are pleading guilty on the robbery charge because, in fact, on January 15 of 2009 while you were here in Lauderdale County, you went to the CEFCO and you led the employee ... to believe that you ha[d ] a gun by making it look like you had a gun in your pocket there, and with that threat, you took the change, cigarettes, case; is that right?
A. Yes, Your Honor.
Q. And you knew it was against the law to take things by threat from the store employee there, right?
A. Yes, Your Honor.
Q. And nobody forced you to be involved in that robbery?
A. No, sir.
[[Image here]]
Q. There is no [habitual-offender] controversy in your case ..., Mr. Price, because you know you have a prior felony and you know armed robbery is another felony offense. And you also know it is a violent felony. If you end up serving a year or more on this charge, which more than likely you will because you have an initial eight years to serve, if you get in any other felony offense in the future, you could be considered an habitual criminal and get the maximum term that applies for that offense, and whatever time you get would be day-for-day time, right?
A. Yes, Your Honor.
[[Image here]]
Q. And you wish to proceed on with your plea of guilty on the armed robbery charge here today?
A. Yes, sir.
*490 [[Image here]]
[Q]. In your situation, Mr. Price, I’ll accept your plea of guilty on the armed robbery charge and dismiss the other two felony charges pending against you and I will sentence you as recommended.... Clear?
[A]. Yes, sir, Your Honor.
(Emphasis added).
¶8. “In a post-conviction relief case, where the petitioner’s pleadings are in direct conflict with the evidence in the transcript of the plea hearing, the motion fails to meet the statutory burden of proof required to establish a prima facie showing.” Taylor v. State, 766 So.2d 830, 834 (¶ 20) (Miss.Ct.App.2000). Based on Price’s guilty-plea petition, the circuit court’s numerous references to armed robbery, and Price’s responses to the circuit court’s questions, we find no merit to Price’s claim that he thought he was pleading guilty to simple robbery.
¶ 9. THE JUDGMENT OF THE LAUDERDALE COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAUD-ERDALE COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL, RUSSELL AND FAIR, JJ., CONCUR.