LEE, C.J., for the Court:
FACTS AND PROCEDURAL HISTORY
¶ 1. Christopher Carter was found guilty of driving under the influence (DUI), second offense, in the City of Ridgeland Municipal Court on November 16, 2010. Carter appealed to the County Court of Madison County, Mississippi. After a trial de novo, a jury convicted Carter of second-offense DUI.[1] Carter was sentenced to thirty days in the custody of the Sheriff of Madison County, with the last fifteen days suspended, followed by two years’ probation. Carter was also ordered to pay a $1,500 fine.
¶ 2. Carter appealed his conviction to the Circuit Court of Madison County, alleging that the county court erred in overruling his motion in limine to prohibit the prosecution from mentioning his prior DUI conviction in front of the jury. The circuit court affirmed Carter’s conviction. Carter now appeals to this Court, asserting that the county court erred in overruling his motion in limine.
DISCUSSION
¶ 3. In his only issue on appeal, Carter contends the county court erred in overruling his motion in limine to prohibit the prosecution from mentioning his prior DUI conviction in front of the jury. Carter cites to Strickland v. State, 784 So.2d 957 (Miss.2001), to support his position. Strickland stated the “prior convictions are only relevant as to sentencing and should only be admitted during a separate sentencing phase.” Id. at 962 (¶ 20). However, the Mississippi Supreme Court has since found that a “prior conviction is a necessary element of second-offense DUI.” Lyle v. State, 987 So.2d 948, 950 (¶ 7) (Miss.2008). “Since the State is required to prove all the essential elements of the crime charged, it [is] not unfair prejudice to present evidence of prior DUI convic *691 tions.” Smith v. State, 950 So.2d 1056, 1060 (¶ 17) (Miss.Ct.App.2007). Therefore, we find this issue to be without merit.
¶ 4. THE JUDGMENT OF THE MADISON COUNTY CIRCUIT COURT OF CONVICTION OF DRIVING UNDER THE INFLUENCE, SECOND OFFENSE, AND SENTENCE OF THIRTY DAYS, WITH THE LAST FIFTEEN DAYS SUSPENDED, FOLLOWED BY TWO YEARS OF PROBATION, AND A $1,500 FINE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
IRVING AND GRIFFIS, P JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.

. Carter also pleaded guilty to one count of driving on the wrong side of the road. However, Carter did not appeal this conviction.