CARLTON, J.,
for the Court:
¶ 1. Thomas Jack Kennedy pleaded guilty to armed robbery on August 15, 2013. On October 10, 2013, the trial court sentenced Kennedy to serve ten years in the custody of the Mississippi Department of Corrections (MDOC) followed by ten years of postrelease supervision. Kennedy filed a motion for postconviction relief (PCR), which the trial court dismissed. Kennedy now appeals, raising the following assignments - of error: (1) his indictment for armed robbery was defective- due to ambiguity; (2) the trial court erred in failing to address Kenned/s issue of an illegal sentence on another applicable charge. Finding no error, we affirm the trial court’s dismissal of Kennedy’s PCR motion.
FACTS
¶ 2. On December 21, 2012, officers from the Southaven Police Department responded to a call about an armed robbery at a BankPlus location in Southaven, Mississip-! pi. According to witnesses, a man entered the BankPlus location and handed a bank employee a note stating, “This is a robbery, I have a gun, so no dye packets and no one dies, no funny money, put it all in the bag.” The employee placed all of the money in her bank drawer into the bag, and she also placed a GPS tracking system into the bag. The record reflects that in addition to the bank employee, two other witnesses observed the incident. The employee and the other two witnesses were able to describe the suspect and the suspect’s vehicle to the police. The witnesses described the suspect as wearing a camouflage jacket and a ball cap.
¶ 3. Southaven police officers eventually pulled over Kennedy on Interstate 69. Officers conducted a search of Kennedy’s vehicle and found a camouflage jacket, a backpack, a BB gun, a ball cap, and cash. Officers took Kennedy into custody, where Kennedy both verbally confessed and wrote a statement confessing that he did commit the robbery.
*301 ¶ 4. On August 15, 2013, Kennedy pleaded guilty to armed robbery in violation of Mississippi Code Annotated section 97-3-79 (Rev.2015). At the- plea hearing, Kennedy failed to dispute any of the State’s offer of proof, including the State’s allegations that Kennedy entered the bank and handed an employee a note stating,- “This is a robbery, I have a gun,” and that police officers found a BB gun in Kennedy’s car. The trial court sentenced Kennedy to serve ten years in the custody of the MDOC followed by ten years of postre-lease supervision, with the first five years reporting.
¶ 5. On June 26, 2014, Kennedy filed a PCR motion claiming: (1) the indictment was defective; (2) no factual basis existed to support his guilty plea; (3) ineffective assistance of counsel; (4) the trial court lacked jurisdiction to impose his sentence; (5) the sentence exceeded the maximum authorized by law; and (6) his guilty plea was involuntarily made. Kennedy argued that hone of the witnesses to the alleged armed robbery saw him with a weapon; as a result, he should have been charged under Mississippi Code Annotated section 97-3-81 (Rev.2015) (attempting to rob by extortion). Kennedy also claimed that pri- or to pleading guilty, he was not informed that his sentence would be day-for-day.
¶ 6. The trial court found that Kennedy’s indictment set forth the statute under which Kennedy' was being charged and followed the language of the statute. The trial court therefore found the indictment was not ambiguous. The trial court also found no evidence in the plea-hearing transcript to show that Kennedy was coerced, threatened, or forced to enter his guilty plea. The trial court further stated:
A thorough review of the court files, including the transcripts of the plea and sentencing hearings[,] ... reveals that it is undeniably clear that no evidentiary hearing is required. In considering the entire court file in this cause[,] ... the court .concludes that ⅜ appears beyond doubt that Kennedy can prove no set of facts in support of his claims which would entitle him to relief.
(Internal citation omitted). The plea-hearing transcript showed that Kennedy- affirmed to the judge that, his plea was voluntary, and Kennedy admitted that he was satisfied with the services of his attorney.
¶7. On September 12; 2014, the trial court denied Kennedy’s PCR motion and dismissed it pursuant to Mississippi Code Annotated section 99-39-11(2) (Rev.2015). Kennedy now appeals.
STANDARD OF REVIEW
¶ 8. “When this Court reviews the trial court’s dismissal of a PCR motion, we will not disturb the trial court’s factual findings unless they are found to be clearly erroneous. Howeyer, where questions of law are raised, the applicable standard of review is de novo.” Chaney v. State, 121 So.3d 306, 308 (¶ 4) (Miss.Ct.App.2013) (internal quotation marks omitted).
¶ 9. A trial court possesses the authority to summarily dismiss a PCR motion without ah evidentiary hearing “[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the ease that the movant is not entitled to any relief.” Miss.Code Ann. § 99-39-11(2).
DISCUSSION
¶10. Kennedy pleaded guilty to committing the offense of armed robbery, in violation of section 97-3-79. Section 97-3-79 provides, in pertinent part:
Every person who shall feloniously take or attempt to take from the person or from the presence the personal property of another and against his will by vio *302 lence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon shall be guilty of robbery[.]
The trial court then sentenced Kennedy to serve ten years in the custody of the MDOC followed by ten years of postre-lease supervision.
¶ 11. On appeal, Kennedy argues that he based his guilty plea on “remorseful feelings,” and not an objective knowledge of which statute he actually violated. Kennedy submits that he was denied a proper indictment for the charge of armed robbery because he exhibited no deadly weapon, which constitutes one of the elements of the charge of armed robbery under section 97-3-79. Kennedy maintains that he only possessed a threatening letter, and “a threatening letter is not a deadly weapon.” He argues that his actions were a violation of either Mississippi Code Annotated section 97-3-73 (robbery) or Mississippi Code Annotated section 97-3-81 (attempting to rob by extortion). Kennedy cites to Clubb v. State, 672 So.2d 1201, 1204 (Miss.1996), for the assertion that “[wjhere two or more statutory provisions could apply to the defendant’s conduct and the indictment is ambiguous [as] to which charge according to statute is applied, a defendant may only be sentenced under the lesser penalty.” Kennedy thus believes he should be sentenced under section 97-3-81, which carries a sentence not to exceed five years.
¶ 12. Contrary to Kennedy’s arguments, in Dambrell v. State, 903 So.2d 681, 689 (¶ 32) (Miss.2005), the Mississippi Supreme Court discussed section 97-3-79 and clarified that
when a defendant makes an overt act and a reasonable person would believe that a deadly weapon was present, then the intent of [section 97-3-79] has been met for conviction purposes. In other words, if a defendant makes an overt act, a victim does not have to actually see a deadly weapon. So long as the victim reasonably believes that the defendant had a deadly weapon and the defendant makes an overt act the statute is satisfied.
The State maintains that the indictment clearly placed Kennedy on notice of the charge of armed robbery under section 97-3-79.
¶ 13. Upon review, the record reflects that Kennedy’s indictment alleges the following:
[Kennedy] did wilfully, unlawfully and feloniously, take from the presence or persons of BankPlus and/or Debbie K. Woods certain personal property, to-wit: approximately $1,975.00 in cash money, being the personal property of Bank-Plus, against the will of Debbie K. Woods, by putting Debbie K. Woods in fear of immediate injury to her person by the exhibition of a deadly weapon, to-wit: by handing Debbie K. Woods a note indicating he had a gun, in direct violation of Section 97-3-79, Mississippi Code of 1972 Annotated, as amended!.]
The State argues that the indictment sets forth the statutory section establishing the offense of armed robbery for which Kennedy was charged with violating. The State also argues that the indictment tracks the language of the statute.[1] We agree, and upon review, we And that the indictment was sufficient to place Kennedy on notice of the indicted offense. See Terry v. State, 26 So.3d 378, 381 (¶ 11) (Miss.Ct.App.2009) (“An indictment must contain the essential *303 elements of the crime charged and sufficient facts, which provide the defendant with sufficient notice of the charges against him.”). The indictment clearly sets forth the statutory provision and elements charging Kennedy with armed robbery. Additionally, we recognize that “a guilty plea waives any claim to a defective indictment.” Phillips v. State, 25 So.3d 404, 407 (¶ 6) (Miss.Ct.App.2010) (citing Harris v. State, 757 So.2d 195, 197 (¶ 9) (Miss.2000)). Accordingly, this issue is without merit.
¶ 14. Kennedy also asserts that the trial court erred in failing to address the claims set forth in his PCR motion, including sufficiency of the evidence. In support of his assertion, Kennedy argues that at the plea hearing, the State failed to produce any independent evidentiary suggestion of guilt other than the State’s own words. Kennedy maintains that the question of “whether a particular item (a threatening letter) is actually a deadly weapon as contemplated by the armed robbery statute is a question for the jury’s determination.”
1115. Mississippi Code Annotated section 99-39-9(l)(e) requires that a PCR motion “be supported by the affidavits of witnesses who will prove the petitioner’s claims.” Collier v. State, 112 So.3d 1088, 1090 (¶ 7) (Miss.Ct.App.2013) (citing Brown v. State, 88 So.3d 726, 733 (¶ 18) (Miss.2012)). Kennedy possessed the burden of proving by a preponderance of the evidence that he was entitled to postconviction relief. See Atwell v. State, 848 So.2d 190, 193 (¶ 12) (Miss.Ct.App.2003) (citing Miss.Code Ann. § 99-39-23(7) (Rev.2000)).
¶ 16. We recognize that the Uniform Rules of Circuit and County Court mandate that “[bjefore the trial court may accept a plea of guilty, the court must determine that the plea is voluntarily and intelligently made and that there is a factual basis for the plea.” URCCC 8.04(a)(3). Kennedy acknowledged under oath that he voluntarily and intelligently entered his plea. See Price v. State, 100 So.3d 487, 490 (¶ 8) (Miss.Ct.App.2012) (“In a post[ Jconviction relief case, where the petitioner’s pleadings are in direct conflict with the evidence in the transcript of the plea hearing, the motion fails to meet the statutory burden of proof required to establish a prima facie showing.”).[2]
¶ 17. Upon review, we must also look to the entire record to determine if such a factual basis for accepting a guilty plea exists. Robinson v. State, 964 So.2d 609, 612-13 (¶ 12) (Miss.Ct.App.2007). At the plea hearing, the prosecutor, in her offer of proof, read the indictment into the record and offered the following additional facts regarding Kennedy’s alleged participation in the robbery: the bank teller, Debbie Woods, would testify before the court that Kennedy handed her a note stating, “I have a gun. No dye packs and no one dies. No funny money. Put it all in the bag”; after being stopped by law enforcement, officers found a BB gun, cash, and other items in Kennedy’s possession tying him to the robbery; and two additional witnesses besides Woods could describe Kennedy as the suspect who robbed the BankPlus. Additionally, after officers arrested him, Kennedy provided an oral and a written confession.
¶ 18. The only evidence Kennedy supplied the trial court was his own affidavit contradicting his prior sworn testimony from the guilty-plea hearing where Kennedy previously confirmed under oath that he did commit the crime of armed robbery. *304 As a result, Kennedy failed to meet his burden of proving that he was entitled to postconviction relief. See Atwell, 848 So.2d at 193 (¶ 12). Upon our review, we find that the record sufficiently establishes a factual.basis for Kennedy’s guilty plea. See Robinson, 964 So.2d at 612-13 (¶ 12). We further recognize that Kennedy waived any argument regarding the sufficiency of the evidence to prove the indicted charge of armed robbery by knowingly and, voluntarily pleading' guilty to the charge. See Knight v. State, 959 So.2d 598, 608 (¶ 35) (Miss.Ct.App.2007); see also URCCC 8.04(a)(3). This issue lacks merit.
. ¶ 19. After our review of the record, we find no error .in the trial court’s dismissal of Kennedy’s PCR motion, and we affirm.
¶ 20. THE JUDGMENT OF THE DE-SOTO COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
LEE, C.J., IRVING AND GRIFFIS, ■ P.JJ., BARNES, ISHEE, MAXWELL, FAIR, JAMES AND WILSON, JJ., CONCUR.

. We further recognize that “it is within the prosecutor’s discretion to decide what charge to bring against a criminal defendant.” Johnson v. State, 50 So.3d 335, 340 (¶ 23) (Miss.Ct.App.2010) (citing Jordan v. State, 995 So.2d 94, 109 (¶ 45) (Miss.2008)).

. See generally Russell v. State, 849 So.2d 95 (Miss.2003) (unsworn statements were not affidavits and entitled to no credence regarding PCR motion).