PATTERSON, Presiding Justice,
for the Court.
George William Hayes was convicted of possession of a controlled substance by the Circuit Court of the First Judicial District of Hinds County and sentenced to three years in the Hinds County Jail with one year suspended.
On June 13,1976, a police officer of Jackson received information from a confidential informant that marijuana could be found at 1020 Riverview Street, the residence of Gus Hodges and another “white male.” Acting on this information, the officer obtained a search warrant from a city judge which was promptly served. After searching the house, Gus Hodges and the appellant, George William Hayes, were placed under arrest and approximately eight pounds of marijuana was confiscated. At the ensuing trial, as part of the state’s case in chief, the district attorney introduced the “affidavit for search warrant,” including an “underlying facts and circumstances sheet,” the “search warrant” and an inventory of the things taken pursuant to the warrant. Specific objection was made to the underlying facts and circumstances sheet as being hearsay and therefore inadmissible. The objection was overruled and that document with others was marked state’s exhibit to the direct testimony of Officer Jerry Barrett.
At the conclusion of the trial, and out of the presence of the jury, the district attorney moved “that the inventory sheet and the underlying facts and circumstances sheet offered into evidence on behalf of the state not be allowed to go into the jury room with the jury as it might possibly be prejudicial error.” The court sustained this motion and the documents were not permitted into the jury room.
The introduction of the hearsay evidence, the underlying facts and circumstances, in the affidavit was gross error which served no procedural or justifiable purpose because the hearing on the motion to suppress had been concluded. To the contrary, its likely effect, whether' intended or not, was to prejudice the jury by violating the appellant’s constitutional right of being confronted by the witnesses testifying against him. Moreover, the holding of Sisk v. State, 290 So.2d 608 (Miss.1974), was ignored, requiring reversal because it is in point in a similar incident. See also Holt v. State, 348 So.2d 434 (Miss, decided this date).
We have examined the other assignments of error and conclude they are without merit.
REVERSED AND REMANDED.
GILLESPIE, C. J., INZER, P. J., and SMITH, WALKER and BROOM, JJ., concur,
SUGG, J., specially concurs.
ROBERTSON and LEE, JJ., dissent.