ISHEE, J.,
for the Court:
¶ 1. Angela Johnson was indicted by a Neshoba County grand jury for Count I, possession of methamphetamine; Count II, possession of precursor chemicals; and Count III, false pretense. After a trial, she was convicted of all three counts. Johnson was then sentenced to serve one year for Count I, fifteen years and a $5,000 fine for Count II, and two years for Count III, with the sentence for Count I to run consecutively to the sentence for Count II and the sentence for Count III to run concurrently with the sentences for Count I and Count II, with three years suspended and five years of post-release supervision, all in the custody of the Mississippi Department of Corrections (MDOC). On appeal, Johnson argues: (1) the trial court erred by admitting the two search warrants into evidence; (2) the jury instruction for Count II did not advise the jury that it must be unanimous on the identity of the precursor materials; (3) the trial court erred by failing to suppress her statements; and (4) her conviction and sentence should be reversed based on cumulative error. Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. On January 9, 2010, Neshoba County Deputy Sheriff Ralph Sciple received *825 information from a confidential informant that Johnson was in possession of methamphetamine and precursor chemicals in her home in Philadelphia, Mississippi. Officer Sciple was also told that individuals were making false identification cards in order to buy precursor chemicals. Based on this information, two search warrants were issued. One search warrant targeted the methamphetamine and precursor chemicals on the premises, and a second search warrant targeted the computers and equipment used to make forgeries.
¶ 3. On January 10, 2010, at 10:40 p.m., the search wárrants were executed. The adults present when the search warrant was executed were Johnson, Calvin Johnson, and Kenneth Brian Stevens. They were taken to the living room and given a Miranda[1] warning. Johnson stated that she understood the warning.
¶4. Inside of the home, officers found two laptop computers. On one computer, a Dell, the screen was open. The officers observed a picture of a Nebraska driver’s license showing an individual who Officer Sciple “knew didn’t live in Nebraska.” The picture was of Alicia Wells, a Neshoba County resident. The other computer, a Toshiba, was closed and connected to a charger. Officer Sciple questioned Johnson regarding the computers. She stated the Dell computer was hers, and the Toshiba computer belonged to Stevens. Officer Sciple also found a document on Johnson’s computer detailing how to make false identification cards. In addition to the computers, eleven identification cards were found in a purse in the residence. Nine of the identification cards purported to show a photograph of Johnson. One was Johnson’s actual driver’s license, two of them were fake Nebraska driver’s licenses, and the rest were fake Mississippi identification cards or driver’s licenses.
¶ 5. During the search, officers found a box located in the computer room containing an Instant Ice compress, pseudoephed-rine pills, and lithium batteries. A bottle of drain cleaner was discovered in the master bathroom of the house. A can of Coleman camp fuel was retrieved from the laundry room of the residence. Finally, a bag of fertilizer was found outside the front door of the home. A forensic scientist with the Mississippi Crime Lab testified at trial and stated the items collected all contained chemicals in commonly found precursors used in the manufacturing of methamphetamine.
¶ 6. During the search, the officers also found two empty ziplock bags and a third ziplock bag containing a “crystal[-]like substance.” The forensic scientist testified regarding the testing of the ziplock bags at the crime lab. According to the scientist, one ziplock bag contained methamphetamine, and the two empty ziplock bags tested positive for trace amounts of méth-amphetamine.
¶ 7. Johnson, Calvin, and Stevens were all arrested on January 10, 2010, the night the warrant was executed. On January 12, 2010, Officer Sciple interviewed Johnson. Before any questioning, he advised Johnson of her Miranda rights, and she signed a waiver. She then made certain confessions to Officer Sciple, which he condensed into written statements signed by Johnson. In the first statement, Johnson acknowledged that she was in possession of methamphetamine. In the second statement, she admitted that she had bought Claritin-D and that Stevens had bought pseudoephedrine. They planned to take the pills out of the country for someone else to make methamphetamine. Johnson claimed she only intended to use *826 the medicine and never planned to make the methamphetamine herself. In her final statement, she stated that she had used a false identification card with a Social Security number that was not her own.
¶ 8. On May 4, 2010, the grand jury indicted Johnson for Count I, possession of methamphetamine; Count II, possession of precursor chemicals; and Count III, false pretense. The trial began on November 11, 2010. During the trial, Johnson sought to have her statements suppressed. She alleged that she was not given a Miranda warning and that the written statements did not contain all of the true facts. Her motion to suppress was denied.
¶ 9. On November 12, 2010, the jury returned a guilty verdict on all counts. Johnson was then sentenced to one year for Count I, fifteen years and a $5,000 fine for Count II, and two years for Count III, with the sentence for Count I to run consecutively to the sentence for Count II and the sentence for Count III to run concurrently with the sentences for Count I and Count II, with three years suspended and five years of post-release supervision, all in the custody of the MDOC. On December 2, 2010, Johnson filed a motion for a new trial, which was denied. Aggrieved, Johnson now appeals.
DISCUSSION
I. Admission of the Two Search Warrants into Evidence
¶ 10. “The admissibility of evidence is largely within the trial court’s discretion, and this Court will not disturb the trial court’s ruling absent a finding that the trial court abused its discretion.” Jenkins v. State, 993 So.2d 862, 864 (¶ 6) (Miss.Ct.App.2008) (citation omitted). “Issues raised for the first time on appeal are procedurally barred from review as they have not first been addressed by the trial court.” Griffin v. State, 824 So.2d 632, 635 (¶ 7) (Miss.Ct.App.2002) (citation omitted). Furthermore, “[ajsserting grounds for an objection on appeal that differ[ ] from the ground given for the objection at the trial level does not properly preserve the objection for appellate review.” Woodham v. State, 779 So.2d 158, 161 (¶ 12) (Miss.2001) (citation omitted).
¶ 11. During the testimony of Officer Sciple, the two search warrants were entered into evidence. When the search warrants were entered, the affidavit, which included the underlying facts and circumstances, was also attached. A portion of the underlying facts and circumstances states as follows:
[Officer] Sciple has received information for the past several days from a confidential informant that [Officer] Sciple knows to be a credible person [who] has given creditable information in the past that has led to arrests and convictions that [m]ethamphetamine was being made at 10132[C]ounty [R]oad 369 at the residence of Angela D. Johnson.
Johnson argues the introduction of this information (1) allowed the informant to testify via hearsay that methamphetamine was being manufactured at the residence, (2) violated her right to confront the witness, (3) constituted “other crime” evidence that was is inadmissible under Mississippi Rule of Evidence 404(b), and (4) permitted Officer Sciple to vouch for the credibility of the informant.
¶ 12. In the instant case, although a suppression hearing was held regarding the search warrants, the issues raised at trial were not the same as those raised on appeal. During the suppression hearing, the trial counsel argued the search warrants were stale when served because the search was executed more than twenty-four hours after the search warrants were *827 issued. The trial counsel also argued the search warrants were invalid because the confidential informant’s statements were not reliable. Neither of these arguments is raised on appeal, and none of the arguments raised on appeal were raised before the trial court. Accordingly, this issue is procedurally barred.
¶ 13. Although the issue is procedurally barred, had counsel properly objected, the argument would likely have had merit. In Hayes v. State, 348 So.2d 432, 433 (Miss.1977), the Mississippi Supreme Court found that the introduction of the affidavit including the underlying facts and circumstances was hearsay. The supreme court stated: “The introduction of the hearsay evidence, the underlying facts and circumstances, in the affidavit was gross error which served no procedural or justifiable purpose because the hearing on the motion to suppress had been concluded.” Id. Furthermore, “its likely effect, whether intended or not, was to prejudice the jury by violating the appellant’s constitutional right of being confronted by the witnesses testifying against him.” Id. Accordingly, if the trial counsel had properly objected, case law would have supported Johnson’s argument. Nevertheless, because the issue was not preserved for appeal, we find no reversible error.
II. Jury Instruction Regarding Identity of Precursor Chemicals
¶ 14. Jury instructions generally are within the discretion of the trial court, and the standard of review for the giving or refusal of jury instructions is abuse of discretion. Bailey v. State, 78 So.3d 308, 315 (¶ 20) (Miss.2012) (citing Newell v. State, 49 So.3d 66, 73 (¶ 20) (Miss.2010)). When determining whether there has .been an abuse of discretion, the jury instructions given must be read as a whole. Reid v. State, 910 So.2d 615, 623 (¶ 23) (Miss.Ct.App.2005) (citing Conners v. State, 822 So.2d 290, 292 (¶ 5) (Miss.Ct.App.2001)). “When so read, if the instructions fairly announce the law of the case and create no injustice, no reversible error will be found.” Id.
¶ 15. Johnson argues the jury instruction for possession of precursor chemicals did not require the jurors to be unanimous as to which precursor or precursors they found Johnson to have possessed. The disputed jury instruction stated:
The Defendant is charged by indictment with the crime of possession of precursor chemicals with intent to unlawfully manufacture methamphetamine. To constitute the crime charged, there must be sufficient evidence to prove beyond a reasonable doubt each of the following elements:
1. That Angela Denise Johnson
2. knowingly or intentionally had in her possession
3. two or more of the following precursor chemicals, to-wit: ephedrine/pseudoephedrine, hydrochloric acid, sulfuric acid, hexanes, heptanes, ammonium nitrate, and lithium, and
4. that at the time, Angela Denise Johnson intended to unlawfully manufacture methamphetamine under circumstances where one reasonably should know that precursor chemicals would be used to unlawfully manufacture methamphetamine.
If the State has failed to prove any one or more of the above listed elements beyond a reasonable doubt, then you must find that Angela Denise Johnson is “Not Guilty[]” of possession of precursor chemicals.
Johnson asserts this jury instruction did not protect her constitutional right that the jury reach a unanimous verdict.
¶ 16. As noted above, “[ijssues raised for the first time on appeal are procedural *828 ly barred from review as they have not first been addressed by the trial court.” Griffin, 824 So.2d at 635 (¶ 7). Here, the trial counsel did not object to the jury instruction as written, nor did he present a proposed jury instruction on the issue. Therefore, this issue is procedurally barred from our review.
III. Refusal to Suppress Statements
¶ 17. The standard of review for a challenge to the admissibility of a confession is abuse of discretion. Boggans v. State, 867 So.2d 279, 281 (¶ 7) (Miss.Ct.App.2004) (citation omitted). “The [trial] court sits, as [the] trier of fact and is in the best position to make the necessary decisions as to witness credibility that are often critical in such hearings.” Id. at 281-82 (¶ 7).
¶ 18. Johnson argues her written statements should have been excluded at trial because they were involuntary. Johnson asserts she was told she would not be able to get out on bond or make a phone call until she gave a statement. She further claims that Officer Sciple told her she would be able to go home to her children if she would give a statement. According to Johnson, Officer Sciple told her: “[L]et’s talk so we can get you home to those kids.”
¶ 19. Johnson was arrested on Sunday night and was released on bond the following Tuesday. Officer Sciple testified that he did, in fact, place a hold on Johnson’s release, but that she would have been able to acquire bond on Tuesday regardless of whether she gave a statement or not. After Johnson gave her statements, Officer Sciple released the hold. He denied ever telling Johnson that the best way to see her children would be to provide a statement.
¶20. For a challenged confession to be admissible, the trial court must determine it was voluntary beyond a reasonable doubt. Harden v. State, 59 So.3d 594, 605 (¶ 25) (Miss.2011). The confession “must have been freely given and must not be the product of coercion by threats, promises, or inducements.” Id. The State bears the burden of proving the voluntariness of the confession. Bell v. State, 963 So.2d 1124, 1134 (¶ 26) (Miss.2007) (citing Agee v. State, 185 So.2d 671, 673 (Miss.1966)). A prima facie case that the confession was voluntary is made “by the testimony of an officer, or other person having knowledge of the facts, that the confession was voluntarily made without any threats, coercion, or offer of reward.” Id. (citing Morgan v. State, 681 So.2d 82, 89 (Miss.1996)). If, after the State has made a prima facie case, the defendant asserts “that violence, threats of violence,, or offers of reward induced the confession, then the State must offer all the officers who were present when the accused was questioned and when the confession was signed, or give an adequate reason for the absence of any such witness.” Id. Furthermore, “the resolution of conflicting testimony regarding voluntariness is a question of fact to be resolved by the trial judge at the suppression hearing.” Id.
¶ 21. Here, although a suppression hearing was held regarding the statements, the trial counsel never filed a motion to suppress and, at the end of the suppression hearing, declined to make a final argument. Thus, he never made a specific objection. The trial court only ruled on Johnson’s assertion that the Miranda warning was not sufficient and that the statements did not contain all of the relevant facts. As such, the issues currently raised on appeal were never addressed by the trial court, and this issue is procedurally barred from review.
IV. Cumulative Error
¶ 22. In her final issue on appeal, Johnson argues that even in the event that *829 we should affirm the trial court’s judgment as to each of the issues individually, the cumulation of error is cause for reversal. “This Court may reverse a conviction and sentence based upon the cumulative effect of errors that independently would not require reversal.” Genry v. State, 735 So.2d 186, 201 (¶ 73) (Miss.1999) (citation omitted). We have not found any errors by the trial court; therefore, this issue is without merit.
¶ 23. THE JUDGMENT OF THE NESHOBA COUNTY CIRCUIT COURT OF CONVICTION OF COUNT I, POSSESSION OF METHAMPHETAMINE; COUNT II, POSSESSION OF PRECURSOR MATERIALS; AND COUNT III, FALSE PRETENSE, AND SENTENCE OF ONE YEAR FOR COUNT I, FIFTEEN YEARS AND A $5,000 FINE FOR COUNT II, AND TWO YEARS FOR COUNT III, WITH THE SENTENCE IN COUNT I TO RUN CONSECUTIVELY TO THE SENTENCE IN COUNT II AND THE SENTENCE IN COUNT III TO RUN CONCURRENTLY WITH THE SENTENCES IN COUNT I AND COUNT II, WITH THREE YEARS SUSPENDED AND FIVE YEARS OF POST-RELEASE SUPERVISION, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ROBERTS, CARLTON AND FAIR, JJ., CONCUR. MAXWELL, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. JAMES, J., NOT PARTICIPATING.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).